**BURCHAM v. UNITED STATES.**

No. 9506.

United States Court of Appeals District of Columbia.

Argued May 27, 1947.

Decided Aug. 4, 1947.

Mr. Robert I. Miller, of Washington, D. C., for appellant. Mr. Kenneth D. Wood, of Washington, D. C., also entered an appearance for appellant.

Mr. John P. Burke, Assistant United States Attorney, of Washington, D. C., with whom Mr. George Morris Fay, United States Attorney, of Washington, D. C., was on the brief, for appellee. Messrs. Sidney S. Sachs, Assistant United States Attorney, and John D. Lane, Assistant United States Attorney, both of Washington, D. C., also entered appearances for appellee.

Before GRONER, Chief Justice, and EDGERTON and WILBUR K. MILLER, Associate Justices.

WILBUR K. MILLER, Associate Justice.

James A. Burcham, the appellant, was convicted in the District Court of the United States for the District of Columbia of assault with a dangerous weapon. He appeals on three grounds: (a) that the court erroneously admitted evidence of an offense other than that for which the appellant was being tried; (b) that the court should have instructed on simple assault, an offense included in that of which he was accused; and (c) that the court erred in telling the jury that a recommendation of mercy is not binding on the court.

Burcham boarded a westbound Pennsylvania Avenue street car about 1:20 a.m. on June 7, 1946. There was testimony that he was under the influence of alcohol. He undertook to establish and enforce racial segregation on the car by requiring colored passengers to move to the rear. The complaining witness entered the street car at 3d Street and was told by Burcham to move back. The witness observed an altercation then going on between the appellant and an unidentified passenger, in the course of which both combatants suffered knife wounds. As the car crossed 7th Street the trouble was still in progress, and somewhere between there and 10th Street the complaining witness was cut by Burcham. At 10th Street the appellant alighted and soon after was taken into custody at 11th Street by police officers who found a bloodstained knife in his possession.

The evidence that Burcham cut an unidentified man soon after the car left 3d Street is said by the appellant to concern an offense different from the one for which he

was being tried, since the complaining witness was cut by him as the car neared 10th Street. Burcham's conduct on the street car that early morning cannot be broken down by him for evidentiary purposes to prevent the whole story of the affray from being told. That he staged a continuous performance during the few minutes which elapsed while the car moved from 3d Street to 10th Street is clearly apparent. We hold that it was not error to admit testimony that Burcham cut an unidentified passenger shortly before he committed the assault on the complaining witness who is named in the indictment. Copeland v. United States, 80 U.S.App.D.C. 308, 152 F.2d 769.

While it is true, as appellant asserts, that a defendant may be found guilty of any offense necessarily included in the crime charged in the indictment, Title 18, § 565, U.S.C.A., it is also true that an instruction on a lesser included offense should not be given unless there is evidence to justify it. Here the testimony was of an assault with a dangerous weapon, which Burcham did not deny. There was no basis for an instruction on simple assault.

The appellant's final point is that reversible error was committed when, in the presence of the Burcham jury, the presiding justice addressed other jurors in the courtroom and called attention to a previous trial in which the jury had recommended leniency.

He said: "That was entirely proper, but I do instruct you that a recommendation of that kind is not binding on the Court. The only reason I mention it this morning is because I do not want you in any case to decide the question of guilt or innocence based upon what you apprehend may happen to the defendant at the hands of the judge. You are the sole judges of the fact, and I am the sole judge of the law. * * *" Burcham argues that the court's statement "may have militated against the appellant in the minds of the jury. * * *" The statement of the trial justice was correct and, as the Third Circuit said in United States v. Parker, 103 F. 2d 857, 863,[1] we do not regard it as tending improperly to influence the jury.

Affirmed.

---

[1] Compare State v. Lunsford, 163 Wash. 199, 300 P. 529, in which it was held that the giving of an instruction such as the one complained of here is not reversible error but the statement of a correct principle.