## MacILLRATH v. UNITED STATES.
### No. 10508.

United States Court of Appeals,
District of Columbia Circuit.

Argued Feb. 12, 1951.

Decided March 22, 1951.

James J. Laughlin, Washington, D. C., for appellant.

Joseph F. Goetten, Asst. U.S. Atty., Washington, D. C., with whom George Morris Fay, U. S. Atty., and Harold H. Bacon and Joseph M. Howard, Asst. U. S. Attys., all of Washington, D. C., were on the brief, for appellee.

Before CLARK, PRETTYMAN and PROCTOR, Circuit Judges.

PER CURIAM.

█ The question here is whether Rule 31(c) of the Federal Rules of Criminal Procedure[1] required the District Court in a trial for assault with a dangerous weapon[2] to instruct the jury that they might find the defendant guilty of the lesser offense of simple assault. We think not. The rule does not in terms require the instruction. If there is no evidence to justify a verdict of simple assault a jury should not be so instructed. Burcham v. United States, 1947, 82 U.S.App.D.C. 283, 163 F.2d 761. To do so would only tend to confuse and mislead the jury.

█ The defendant was tried upon a three count indictment for separate assaults upon a man and two women. The man was shot in his chest by a pistol in appellant's hand. Appellant then clubbed the women upon their heads with the pistol, causing lacerations which required sutures and hospital treatment. He claimed that his actions were in self-defense, and, also, that the shooting was accidental. As to both defenses appellant concedes that the jury was "carefully instructed." Obviously the shooting, if not accidental, was nothing

---

1. Rule 31(c), Federal Rules of Criminal Procedure, 18 U.S.C.A. "Conviction of Less Offense. The defendant may be found guilty of an offense necessarily included in the offense charged or of an attempt to commit either the offense charged or an offense necessarily included therein if the attempt is an offense."

2. 22 D.C.Code 1940, § 502. "Every person convicted of an assault with intent to commit mayhem, or of an assault with a dangerous weapon, shall be sentenced to imprisonment for not more than ten years. (Mar. 3, 1901, 31 Stat. 1321, ch. 854, § 804.)"

less than an assault with a dangerous weapon. We also think the pistol used as a club in the violent manner shown by the evidence was still a dangerous weapon. Hickey v. United States, 9 Cir., 1909, 168 F. 536, 538, 22 L.R.A.,N.S., 728. Serious injury will very likely result from such use of a pistol, and did result in this case. We think the evidence offered no justification for an instruction on simple assault. Burcham v. United States, supra. See also Sparf and Hansen v. United States, 1895, 156 U.S. 51, 15 S.Ct. 273, 39 L.Ed. 343. Moreover, there was no request for such an instruction. Hence, the present assignment of error comes too late. Fed.R.Crim.P. 30; Villaroman v. United States, 1950, 87 U.S.App. D.C. 240, 184 F.2d 261.

The judgment of the District Court is affirmed.