**Frederick A. YOUNG, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 16994.**

United States Court of Appeals District of Columbia Circuit.

Argued Sept. 19, 1962.

Decided Oct. 18, 1962.

Mr. Denver H. Graham, Washington, D. C. (appointed by this court), for appellant.

Mr. William C. Weitzel, Jr., Asst. U. S. Atty., with whom Messrs. David C. Acheson, U. S. Atty., Harold H. Titus, Jr., Asst. U. S. Atty., and Nathan J. Paulson, Asst. U. S. Atty., at the time the brief was filed, were on the brief, Mr. Frank Q. Nebeker, Asst. U. S. Atty., for appellee.

Before WASHINGTON, BASTIAN and BURGER, Circuit Judges.

BURGER, Circuit Judge.

Appellant contends that the District Court erred in failing to give a requested charge on the lesser included offense of simple assault when he was charged with assault with intent to commit robbery. It is conceded that appellant and a companion, one West, accosted Collins, the complaining witness, on a dark street at a late hour and that appellant held Collins while West went through his pockets. West testified and said they had merely stopped Collins to ask about the identity of a person known to Collins and thought by them to have robbed West some days before. West's explanation for searching Collins' pockets was that he thought Collins had reached for a gun or knife and hence thought it necessary

to search him for weapons. However appellant makes no claim that his actions towards Collins were a matter of self defense.

The issue presented is a narrow one and on this record it is a close question. That question is simply whether, if the jury believed West's testimony, they could have reasonably thought this appellant free of any intent to commit a robbery. However implausible, unreliable or incredible only the jury had the right to make the evaluation of West's testimony. The evidence of a simple assault cannot be regarded as strong or convincing and perhaps the source could well be regarded as of dubious reliability, but the question of its weight and credibility was for the jury. On West's testimony it was possible, even if not necessarily plausible, that West was searching the pockets for weapons not money or other valuables. The evidence was sufficient to warrant a jury to infer that West's intent was to rob, and this intent could be imputed to appellant as an aider and abettor; but it was also sufficient to allow for another permissible verdict, i. e., that appellant was simply assaulting Collins while West searched for weapons. Even when instructed on the lesser included offense of simple assault it would be permissible for the jury to totally disbelieve West or to believe that part which tended to exculpate appellant from an intent to rob.

The jury might reasonably conclude that West, by giving this testimony, was trying to do a favor for his friend Young and therefore might reject his explanation as to the object of the search of Collins. But without the critical instruction they would not be afforded the choice which was exclusively a jury choice. The ruling denying the lesser included offense instruction necessarily involved an appraisal of that evidence and West's credibility by the District Judge but the trier cannot withdraw that appraisal from the jury. Kinard v. United States, 68 App. D.C. 250, 96 F.2d 522 (1938). See also Stevenson v. United States, 162 U.S. 313, 323, 16 S.Ct. 839, 40 L.Ed. 980 (1896). We might observe that defense counsel might well have given the trial judge more assistance in presenting what is at best a close question of the right to the claimed charge. While counsel are usually not permitted to argue rulings after they have been made, this problem might well have been avoided had counsel, in requesting the charge, pointed specifically to the testimony on which he relied for the added instruction and to the controlling authorities.

A new trial must be allowed in which if the issue arises as to the lesser included offense, the ruling must be consistent with this opinion.

Reversed and remanded for a new trial.