**James S. WEST, Petitioner,**

v.

**UNITED STATES of America,**
**Defendant.**

No. 757–63.

United States District Court
District of Columbia.

May 17, 1963.

Joseph P. Clancy, Washington, D. C., for petitioner.

Michael Rauh, Asst. U. S. Atty., Washington, D. C., for respondent.

JOSEPH R. JACKSON, Judge.

This is an action brought pursuant to 28 U.S.C. § 2255 in behalf of petitioner, who was convicted, together with a co-defendant, Frederick A. Young, of the offense of assault with intent to commit robbery in Criminal Case No. 362–59. On June 26, 1959, both defendants were sentenced to serve a term of imprisonment of from five to fifteen years. West did not appeal that conviction within the time prescribed by law, but the co-defendant, Young, did appeal to the United States Court of Appeals for the District of Columbia. In Young v. United States, D.C.Cir., 309 F.2d 662, the U. S. Court of Appeals remanded the case for a new trial in holding that the trial court had committed error in failing to give a lesser included offense instruction. Subsequent thereto, on January 29, 1963, the District Court granted a motion by defendant Young to dismiss the indictment. That motion was not opposed by the Govern-

ment because the complaining witness in the case could not be found.

The object of this action is to vacate sentence on the ground that erroneous instructions were given by the trial court, and that since his co-defendant was granted a new trial by reason of the error hereinbefore mentioned, justice requires that West too should receive similar treatment.

As the Court stated at the time of the oral hearing in this case, it appears "manifestly unfair and unjust to have a co-defendant walking the streets while the other defendant is in jail under the circumstances of this case."

But the question before the Court is not whether the error hereinbefore mentioned requires reversal *upon an appeal*, but whether it provides a basis for an action to vacate sentence pursuant to Section 2255. The scope of review of Section 2255 is the same as in habeas corpus proceedings. Meyers v. United States, 86 U.S.App.D.C. 320, 181 F.2d 802. And habeas corpus is not available as a substitute for appeal. Smith v. United States, 88 U.S.App.D.C. 80, 187 F.2d 192. As the Supreme Court stated in Sunal v. Large, 332 U.S. 174 at 181, 182, 67 S.Ct. 1588, at 1592, 91 L.Ed. 1982:

"* * * Congress, moreover, has provided a regular orderly method for correction of all such errors by granting an appeal to the Circuit Court of Appeals and by vesting us with certiorari jurisdiction. It is not uncommon after a trial is ended and the time for appeal has passed to discover that a shift in the law or the impact of a new decision has given increased relevance to a point made at the trial but not pursued on appeal. Cf. Warring v. Colpoys, supra [74 App.D.C. 303, 122 F.2d 642, 136 A.L.R. 1025]. If in such circumstances, habeas corpus could be used to correct the error, the writ would become a delayed motion for a new trial, renewed from time to time as the legal climate changed. Error which was not deemed sufficiently adequate to warrant an appeal would acquire new implications. Every error is potentially reversible error; and many rulings of the trial court spell the difference between conviction and acquittal. If defendants who accept the judgment of conviction and do not appeal can later renew their attack on the judgment by habeas corpus, litigation in these criminal cases will be interminable. Wise judicial administration of the federal courts counsels against such course, at least where the error does not trench on any constitutional rights of defendants nor involve the jurisdiction of the trial court."

Likewise, it is well settled that a motion for vacation of a judgment and sentence under 28 U.S.C. § 2255 cannot be used in lieu of an appeal to correct errors committed in the course of a trial, even though such errors relate to constitutional rights. Adams v. United States ex rel. McCann, 317 U.S. 269, 274, 63 S.Ct. 236, 87 L.Ed. 268; United States v. Spadafora, 7 Cir., 200 F.2d 140, 142; Klein v. United States, 7 Cir., 204 F.2d 513, 514; Barber v. United States, 10 Cir., 197 F.2d 815; Davis v. United States, 7 Cir., 214 F.2d 594.

Therefore, it is clear that the issue of the Court's instructions to the jury is an appealable question, but is not a matter within the scope of collateral attack authorized by Section 2255.

In the light of the foregoing discussion, the Court concludes that the action brought pursuant to 28 U.S.C. § 2255 must be denied on the ground that the motion, files and records in the case conclusively show the defendant is entitled to no relief.

As was indicated at the hearing, the Court will grant application to proceed on appeal without prepayment of costs from the denial of this motion.