Gerald D. **GREENFIELD**, Appellant,

v.

**UNITED STATES of America**,
Appellee.

No. 18695.

United States Court of Appeals
District of Columbia Circuit.

Argued Nov. 10, 1964.

Decided Dec. 17, 1964.

Mr. William W. Greenhalgh, Washington, D. C., with whom Mr. Bernard M. Dworski, Chicago, Ill. (both appointed by this court), was on the brief, for appellant.

Mr. David W. Miller, Asst. U. S. Atty., with whom Messrs. David C. Acheson, U. S. Atty., and Frank Q. Nebeker and William H. Collins, Jr., Asst. U. S. Attys., were on the brief, for appellee.

Mr. Martin R. Hoffman, Asst. U. S. Atty., also entered an appearance for appellee.

Before FAHY, WASHINGTON and MC-GOWAN, Circuit Judges.

## PER CURIAM.

■ Appellant was convicted of assault with a dangerous weapon, defined in 22 D.C.Code § 502. The evidence was to the effect the assault was with a soda pop bottle. Counsel for appellant requested the court to instruct the jury on simple assault as a lesser included offense, which the court refused to do. Appellant was entitled to such an instruction if a foundation for it is found in the evidence. See Eagleston v. United States, 172 F.2d 194, 198, 12 Alaska 213 (9th Cir. 1949), cert. denied, 336 U.S. 952, 69 S.Ct. 882, 93 L.Ed. 1107 (1949). Cf. Hunt v. United States, 115 U.S.App. D.C. 1, 4, 316 F.2d 652, 655 (1963); Young v. United States, 114 U.S.App. D.C. 42, 309 F.2d 662 (1962). And see Rule 31(c), Fed.R.Crim.P. We think the issue whether in the circumstances shown by the evidence the pop bottle was a dangerous weapon was for the jury to decide,[1] thus furnishing the foundation for the requested instruction. Indeed, the trial judge seems to have been of this view, for he instructed the jury as follows:

> "If you find that the defendants or either of them committed an assault upon Clarence Ivory with a bottle and you find that the bottle was a dangerous weapon, then that would come within the definition of the statute of an assault with a dangerous weapon."

This instruction, together with the denial of an instruction on simple assault, may well have caused members of the jury to conclude that the assault was

---

1. Cf. Crosby v. United States, 119 U.S. App.D.C. ——, 339 F.2d 743 (No. 18322, 1964), where an attack with a Coca Cola bottle led the trial court to charge the jury on simple assault as a lesser included offense in an indictment charging robbery. The correctness of this instruction was not involved in the appeal.

with a dangerous weapon, when they might have concluded otherwise if permitted to do so without acquitting appellant. Since the evidence left the character of the weapon an open question, an instruction on the lesser included offense, duly requested, was required to complete the statement of law applicable to the evidence.[2]

 Appellant also brings to our attention that the trial court's instruction on self defense assumed the assault was by use of a dangerous weapon. No doubt this reference will be avoided in the event of a new trial.

Reversed and remanded for a new trial.

2. The Government misinterprets (Isaac) Williams v. United States, 117 U.S.App. D.C. 206, 328 F.2d 178 (1963), in this connection. There the assault was by means of a broken bottle and a bar stool. No argument was advanced that these were not dangerous weapons. Appellant contended that aside from the attack with the bottle and stool there was evidence of a simple assault. It was in this posture of the case that we held there was insufficient evidence of simple assault to instruct on the lesser included offense.