**James W. PARKER, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

**No. 19546.**

United States Court of Appeals
District of Columbia Circuit.

Argued Jan. 13, 1966.

Decided April 12, 1966.

---

Mr. Edward J. Grenier, Jr., Washington, D. C. (appointed by this court), for appellant.

Mr. Allan M. Palmer, Asst. U. S. Atty., with whom Messrs. David G. Bress, U. S. Atty., and Frank Q. Nebeker and Joel D. Blackwell, Asst. U. S. Attys., were on the brief, for appellee.

Before DANAHER, WRIGHT and McGOWAN, Circuit Judges.

McGOWAN, Circuit Judge:

Appellant was charged in the indictment with housebreaking, two counts of assault with a dangerous weapon, and two counts of carnal knowledge of a female child under sixteen years of age. The trial court directed a judgment of acquittal on the housebreaking count. On the remaining counts, the jury returned a verdict of guilty only as to the two charging assault with a dangerous weapon. A judgment was entered on that verdict imposing concurrent sentences of imprisonment. We have considered all the points raised in this appeal from that judgment, and have concluded that reversal is not required. Appellant's major contentions are examined hereinafter.

I

The Government's witnesses testified that, on the evening of April 3, 1964, appellant broke into the home of a woman with whom he had previously been living for about six years. At the time of the crimes charged, however, appellant was no longer living with her. Although some of the testimony suggested that appellant possessed a key to the rear door of the premises, where he had formerly lived, he smashed the glass panel of the front door to gain entry.

Upon entering the house, appellant went up the stairs to a bedroom where two sisters of the occupant of the house were sleeping. These girls, who were then sixteen and twelve, were visiting their sister's home and were caring for her children. A fight ensued between appellant and the older of the girls. When the younger girl got out of bed to help her sister, the latter broke away from appellant and ran down the stairs to enlist the aid of neighbors. It was alleged that, while the older girl was away, the carnal assault occurred.

Both girls testified that appellant had a knife, and that they were cut. Al-

though the younger girl was more positive in her testimony as to being cut while she was resisting the alleged assault, neither girl remembered exactly how the injuries occurred. The older girl testified that she noticed being cut before running down the stairs, and that appellant must have injured her because she noticed the wound immediately after she had broken away from him. That both girls were in fact injured is clear. When the police arrived, they discovered appellant asleep in a closet. A search of his person uncovered a knife which was identified at trial by the older girl, albeit uncertainly, as the one appellant had brandished.

Appellant testified in his defense that he had been drinking all day; and that, because he was drunk, he did not remember either going to the apartment or anything that occurred while he was in it. According to one of the arresting officers and the two girls, appellant was intoxicated.

The trial court directed a verdict of acquittal on the housebreaking charge, and submitted the case to the jury on (i) the two counts of assault with a dangerous weapon, (ii) one count of carnal knowledge, and (iii) the lesser offense of assault with intent to commit carnal knowledge. The jury was instructed as to the necessity of finding a "specific intent" if they were to find appellant guilty of carnal knowledge or the lesser offense of assault with intent to commit carnal knowledge; and were instructed as to the relevance of intoxication in negating "specific intent." The court was neither requested to, nor did it, give any instruction that voluntary intoxication

could negate such intent as might be necessary to convict for assault with a dangerous weapon, nor did it instruct the jury on the offense of simple assault. No objection after the charge was made to the court's failure to do either. After requesting a review on one occasion of the instructions concerning the intent required for carnal knowledge, and on a second occasion of the instructions concerning the defense of drunkenness, the jury, as noted above, returned a verdict of guilty only as to the two counts charging assault with a dangerous weapon.

## II

We are urged on this appeal to reverse the conviction because our statute governing assaults with a dangerous weapon, Section 22–502, D.C.CODE, is said to require an intent to do serious injury, which intent may be found wanting by a sufficient showing of voluntary intoxication. The failure to instruct the jury to this effect is said to constitute plain error. Rule 52(b), FED.R.CRIM.P.

There is some disagreement as to what are the necessary elements of an assault with a dangerous weapon. Compare State v. Johnston, 207 La. 161, 20 So.2d 741 (1944) with People v. Katz, 290 N.Y. 361, 49 N.E.2d 482 (1943). See ANNOT. 92 A.L.R.2d 635 (1963). It is sometimes said that an intent to inflict injury is necessary, although the cases with this language frequently do not involve the issue of whether voluntary intoxication should be a defense.[1] Our Statute, however, does not require the construction appellant seeks, for it does not include such words as "wilfully" or "with intent."[2] It simply says that

---

1. See Richardson v. State, 34 Ariz. 139, 268 P. 615 (1928); State v. Yturaspe, 22 Idaho 360, 125 P. 802 (1912); Ryan v. Territory, 12 Ariz. 208, 100 P. 770 (1909). The difficulty in regarding such statements as conclusive on the issue of intoxication as a defense is illustrated by the California cases. The Supreme Court of California, in a case not involving the defense of drunkenness, said that an intent to injure was a necessary element of an assault with a deadly weapon, People v. Carmen, 36 Cal.2d

768, 228 P.2d 281 (1951), but lower appellate courts in California have subsequently held that voluntary intoxication is no defense to such an offense. People v. Corson, 221 Cal.App.2d 579, 34 Cal.Rptr. 584 (1963); People v. Stephens, 168 Cal.App.2d 557, 336 P.2d 221 (1959).

2. In People v. Katz, supra, on which appellant relies, the statute provided that whoever "[w]ilfully and wrongfully wounds or inflicts grievous bodily harm upon another, either with or without a

"[e]very person convicted * * * of an assault with a dangerous weapon, shall be sentenced to imprisonment for not more than ten years."

■ Since the statute does not require that the weapon be used with a conscious purpose to inflict injury, we decline to read this requirement into it. The potential for serious bodily harm through the reckless use of dangerous weapons is as substantial as it is obvious. Use of such weapons, even when there is no specific intent to employ them to inflict injury, is invariably fraught with the possibility of dangerous consequences. Imposing more serious sanctions for assault with a dangerous weapon than for simple assault is a practical recognition of the additional risks posed by use of the weapon.[3] "The gist of the crime is found in *the characater of the weapon* with which

the assault is made." Goswick v. State, 143 So.2d 817, 820 (Fla.1962).

■■ Thus, the policies of the statute would not be served by allowing voluntary intoxication to be asserted as a defense. The concern of the statute is with assaults that are committed with dangerous weapons. Whether those weapons are used purposely to inflict injury or only recklessly, if the other elements of an assault are present,[4] the conduct still falls within the ambit of the statute. Since a specific intent to inflict serious injury with the weapon is not necessary, drunkenness is no defense. Whatever ambiguities there may be in distinguishing between specific and general intent[5] to determine whether drunkenness constitutes a defense, an offense of this nature is not one which requires an intent

weapon" is guilty of second degree assault. In holding that reversible error was committed by failing to instruct the jury, over objection, that a specific intent is necessary, the majority stressed that "as the statute reads, the requirement as to intent is co-extensive with the act prohibited." 49 N.E.2d at 484.

3. See State v. Pallanck, 146 Conn. 527, 152 A.2d 633 (1959); Commonwealth v. Hawkins, 157 Mass. 551, 32 N.E. 862 (1893). Cf. Burke v. United States, 282 F.2d 763, 92 A.L.R.2d 628 (9th Cir. 1960); Fish v. People of State of Michigan, 62 F.2d 659 (6th Cir. 1933). But see People v. Katz, *supra;* State v. Balderrama, 97 Ariz. 134, 397 P.2d 632 (1964). Compare People v. Doud, 223 Mich. 120, 193 N.W. 884, 32 A.L.R. 1535 (1923), which states that, although an intent must be proved under its statute concerning assaults with a gun, it is no different than that intent required for simple assault.

What constitutes a dangerous weapon has been before us in Medlin v. United States, 93 U.S.App.D.C. 64, 207 F.2d 33 (1953), cert. denied, 347 U.S. 905, 74 S.Ct. 431, 98 L.Ed. 1064 (1954), and Tatum v. United States, 71 App.D.C. 393, 110 F.2d 555 (1940).

4. The Government argued that an assault does not require an intent to injure. Some jurisdictions avoid this element by presuming an intent to injure from the

commission of the act, by presuming an intent to injure from reckless conduct, or by relying on the reasonableness of the apprehensions of the persons assaulted. See generally, Perkins, *An Analysis of Assault and Attempts to Assault,* 47 MINN.L.REV. 71 (1962). We need not delimit the scope of our statute with respect to such circumstances because, the issue of intoxication aside, it is not claimed here that the elements of an assault are lacking. It seems clear that, regardless of the definition, voluntary intoxication is no defense to simple assault. See McGee v. State, 4 Ala.App. 54, 58 So. 1008 (1912); State v. Truitt, 21 Del. 466, 62 A. 790 (1904) (Ct.Gen. Sess.). The defense of drunkenness is a special one, and is generally thought applicable to only a limited class of offenses. See Remington & Helstad, *The Mental Element in Crime—A Legislative Problem,* 1952 WIS.L.REV. 644. See also *Model Penal Code* § 2.08, comment 2 (tent. draft no. 9, 1959).

5. Our cases follow the general rule that voluntary intoxication is material only to negate a "specific intent." Womack v. United States, 119 U.S.App.D.C. 40, 336 F.2d 959 (1964); Heideman v. United States, 104 U.S.App.D.C. 128, 259 F.2d 943 (1958), cert. denied, 359 U.S. 959, 79 S.Ct. 800, 3 L.Ed.2d 767 (1959); Proctor v. United States, 85 U.S.App. D.C. 341, 177 F.2d 656 (1949).

that is susceptible to negation through a showing of voluntary intoxication.[6]

We are urged by appellant to regard the pattern of our Code as indicating that a specific intent to inflict serious injury is necessary for an assault with a dangerous weapon. Since the latter is grouped with other crimes which all require a particular intent, it is argued that assault with a dangerous weapon, unlike simple assault, should be viewed as requiring a similar intent.[7] This conclusion need not follow, however. The statute is silent as to any requirement of intent for an assault with a dangerous weapon, although in all the other offenses to which appellant refers the requirement is explicit. Furthermore, these other offenses resemble crimes of attempt, in respect of which an essential element is an intent to commit a particular crime. But, as has been discussed, assault with a dangerous weapon may be viewed as encompassing assaults which in familiar and common experience are dangerous because of the nature of the instrumentality used and, without regard to whether it was specifically intended that its use in the particular instance would issue in serious injury.

### III

It was not plain error to fail to instruct the jury on the lesser offense of simple assault. We have on occasion viewed a failure to instruct on simple assault as reversible error, but only when there was an issue as to the dangerousness of the weapon and when a request for the instruction was made. Greenfield v. United States, 119 U.S.App.D.C. 278, 341 F.2d 411 (1964). But, as *Greenfield* makes clear, there must be a foundation in the evidence for giving the instruction. In this case, that foundation is lacking. Although it has been suggested that the record is not clear as to whether the two girls were cut with appellant's knife, and that perhaps the older girl injured herself on the broken glass when she ran through the front door to obtain help, in light of the testimony of the girls in the record before us this suggestion is too speculative to warrant reversal. Williams v. United States, 117 U.S.App.D.C. 206, 328 F.2d 178 (1963); MacIllrath v. United States, 88 U.S.App. D.C. 270, 188 F.2d 1009 (1951); Burcham v. United States, 82 U.S.App.D.C. 283, 163 F.2d 761 (1947).

### IV

In the course of a lengthy charge to the jury, the court at one point summarized certain of the testimony by stating "the Court understands" and "as the Court recalls." These remarks are claimed to be prejudicial to appellant in that use of the phrases might have led the jury to believe that the summarized events had in fact occurred. Certainly other language could have been used which would have been more appropriate. Experienced counsel, however, made no objection to this aspect of the instructions. Use of these phrases, in themselves, does not indicate that the court was assuming that the evidence it was describing was the established fact. In light of the entire charge, in which the jury was instructed at the outset that it was the exclusive judge of the facts, it is extremely unlikely that the summary had the effect upon the jury appellant asserts.

Affirmed.

---

6. See 1 *Wharton, Criminal Law & Procedure* § 358 at 716 (1957); *Perkins, Criminal Law* 790 (1957).

7. Section 22–501 provides a maximum term of fifteen years imprisonment for "[a]ssault with intent to kill, rob, rape, or poison." Section 22–502 establishes a maximum ten year term for assault with intent to commit mayhem or with a dangerous weapon. Section 22–503 provides for a term of no more than five years imprisonment for assault "with intent to commit any other offense which may be punished by imprisonment in the penitentiary * * *." And section 22–504 provides for a fine of not more than $500 or imprisonment for not more than twelve months, or both, for any person who "unlawfully assaults, or threatens another in a menacing manner * * *."