Jesse R. BROUGHMAN, Appellant,

v.

UNITED STATES of America, Appellee.

No. 19529.

United States Court of Appeals District of Columbia Circuit.

Argued Feb. 14, 1966.

Decided May 2, 1966.

Mr. Charles W. Havens, III, Washington, D. C. (appointed by this Court), for appellant. Mr. Robert J. Muth, Washington, D. C. (appointed by this Court), also entered an appearance for appellant.

Mr. James A. Strazzella, Asst. U. S. Atty., with whom Messrs. David G. Bress, U. S. Atty., Frank Q. Nebeker and Joel

D. Blackwell, Asst. U. S. Attys., were on the brief, for appellee.

Before BAZELON, Chief Judge, BURGER and WRIGHT, Circuit Judges.

BAZELON, Chief Judge.

Appellant seeks reversal of his robbery conviction on the ground that the trial judge erred in refusing to instruct the jury on the lesser included offense of simple assault.

The Government's evidence consisted of the following. The complaining witness, Weedon, testified that at 11.00 P.M. one night, after having a sandwich and "about four" beers, he was propositioned by a woman as he was walking on the street. After telling her to mind her own business, he was grabbed by two men and robbed of his billfold and $213 in cash. Weedon identified appellant as one of the two men and said that appellant struck him in the face while appellant's co-defendant, Blake, was holding him from the side. Weedon testified that he received treatment the following day for cuts on his face. Within a half hour, the police had arrested the two defendants together, recovering a total of $93 from them.

Blake testified that he was walking home when he heard a woman scream from across the street, whereupon he crossed the street and found Weedon with one hand on the arm of an unidentified woman and the other hand near her throat. By this time, according to Blake, appellant was already attempting to separate Weedon and the woman. When Weedon told Blake to leave, called him a "young punk" and "kind of grabbed at"

him, Blake hit Weedon several times and he fell in appellant's arms. Appellant then pushed him toward the street. Blake testified that appellant never struck Weedon but was only pulling at him. Appellant did not take the stand.

The indictment here alleged a taking by force and violence. Hence, an instruction on the lesser included offense of simple assault [1] would be required if there were evidence of this lesser crime.[2] The Government argues that there was none. It says that Blake's testimony shows a justifiable assault and that Weedon's testimony shows a robbery. The assumption underlying this argument is that the jury would have to believe all or nothing of either Blake's or Weedon's testimony. We disagree.

The fact that Blake's testimony raised an issue whether appellant was guilty of any crime at all is not inconsistent with appellant's claim that this same testimony raised an issue whether a lesser included offense had been committed.[3] Nor would the jury have to credit all of Blake's testimony. In Young v. United States we held:

> Even when instructed on the lesser included offense of simple assault it would be permissible for the jury to totally disbelieve * * * [the witness] *or to believe that part which tended to exculpate appellant from an intent to rob.* [114 U.S.App.D.C. 42, 43, 309 F.2d 662, 663 (1962), Emphasis supplied.]

Here the jury could have believed Blake's testimony that he and appellant did not rob Weedon while at the same time finding, in light of the injuries sustained by

1. Rule 31(c), Fed.R.Crim.P., states:
   "Conviction of Less Offense. The defendant may be found guilty of an offense necessarily included in the offense charged or of an attempt to commit either the offense charged or an offense necessarily included therein if the attempt is an offense."
   See 22 D.C.Code § 504; *cf.* Joyner v. United States, 116 U.S.App.D.C. 76, 320 F.2d 798 (1963); Young v. United States, 114 U.S.App.D.C. 42, 309 F.2d 662 (1962).

2. Berra v. United States, 351 U.S. 131, 134, 76 S.Ct. 685, 100 L.Ed. 1013 (1956); MacIllrath v. United States, 88 U.S.App.D.C. 270, 188 F.2d 1009 (1951); Kinard v. United States, 68 App.D.C. 250, 253, 96 F.2d 522, 525 (1938).

3. Stevenson v. United States, 162 U.S. 313, 322, 16 S.Ct. 839, 40 L.Ed. 980 (1896); Kinard v. United States, *supra* note 2, 68 App.D.C. at 254, 96 F.2d at 526.

Weedon and the fact that appellant was found with bloody clothes and skinned knuckles, that they had assaulted him. Whether the assault was justified was a question for the jury.[4]

Appellant's conviction is therefore reversed and the case remanded for a new trial in accordance with this opinion.

So ordered.

4. *Ibid.;* see Greenfield v. United States, 119 U.S.App.D.C. 278, 341 F.2d 411 (1964).