Gordon Korb YATES, Appellant,

v.

UNITED STATES of America, Appellee.

No. 24005.

United States Court of Appeals
Fifth Circuit.

Oct. 31, 1967.

in the Army), in violation of 18 U.S.C. § 912, and (2) using a dangerous weapon when assaulting, resisting, opposing, impeding, intimidating, or interfering with two agents of the Federal Bureau of Investigation, in violation of 18 U.S.C. § 111.

Yates registered as Captain Brooke Woodard of the United States Army in the Ramada Inn in Houston, Texas, and was given commercial rates because of his purported military status. About two weeks later he owed the hotel $165 in room charges. The manager of the hotel called the FBI in reference to the supposed Captain Woodard and, pending arrival of the FBI agents, the manager and his assistant kept Yates preoccupied in conversation, as directed by the FBI officer with whom the manager had spoken. During the time preceding arrival of the FBI agents, Yates signed a check and a personal information questionnaire, this time using two new names.

When the FBI agents arrived at the office of the hotel they identified themselves to Yates and showed him their credentials. Yates broke and ran to the door, running between the agents, and pulled a revolver from his belt. The two agents laid hold of him. He cried out, "Someone is going to get shot." One of the agents succeeded in forcing up Yates's gun-arm so that the weapon pointed toward the ceiling. After a struggle in which Yates bit the manager, the two agents and the manager disarmed and subdued Yates.

Clyde W. Woody, Marian S. Rosen, Houston, Tex., for appellant.

James R. Gough, Douglas M. Smith, Asst. U. S. Attys., Morton L. Susman, U. S. Atty., Houston, Tex., for appellee.

Before WISDOM, THORNBERRY and GOLDBERG, Circuit Judges.

WISDOM, Circuit Judge:

Gordon Korb Yates appeals from his conviction for (1) impersonating an employee or officer acting under the authority of the United States (i.e. a Captain

## I.

Yates's first contention on appeal is that the trial court erred in failing to charge the jury upon a lesser included offense. Title 8 U.S.C. § 111 reads:

> Whoever forcibly assaults, resists, opposes, impedes, intimidates, or interferes with [inter alia, any officer or employee of the Federal Bureau of Investigation] * * * while engaged in or on account of the performance of his official duties, shall be fined not more than $5,000 or imprisoned not more than three years, or both.

Whoever, in the commission of any such acts uses a deadly or dangerous weapon, shall be fined not more than $10,000 or imprisoned not more than ten years, or both.

Yates was charged with assaulting and resisting the agents with a dangerous weapon, but was not charged with the lesser included offense—assaulting and resisting, but without any weapon. Yates argues that he did not "use" a weapon; that since the agents tackled him as he pulled the gun, the jury could have found that he resisted the agents *without using the revolver.*

■ The Supreme Court has recently spoken on the necessity of a trial court to charge a defendant with a lesser included offense. In Sansone v. United States, 1965, 380 U.S. 343, 85 S.Ct. 1004, 13 L. Ed.2d 882, the Court held that a lesser-included-offense charge must be given (1) only if the evidence justifies it and (2) only where the charged greater offense requires the jury to find a disputed factual element which is not required for conviction of the lesser included offense.

■ In the present case the uncontradicted testimony of the hotel manager and both FBI agents established that Yates's only assault or resistance involved his pulling a revolver and shouting "Someone is going to get shot." There was no disputed factual element in the case, and we conclude that there is simply no evidence in the record that would support a charge on the lesser offense.[1] See Parker v. United States, 1966, 123 U.S.App.D.C. 343, 359 F.2d 1009, 1013;

Williams v. United States, 1963, 117 U.S. App.D.C. 206, 328 F.2d 178, 179; MacIllrath v. United States, 1951, 88 U.S. App.D.C. 270, 188 F.2d 1009; Burcham v. United States, 1947, 82 U.S.App.D.C. 283, 163 F.2d 761, 762.

The defendant's use of the weapon started from the instant he made manifest his intention to use it. The law has been called an ass. But it is not such a long-eared equine as to allow Yates to profit from the FBI agents' success in taking hold of his gun-arm.

## II.

■ Yates next contends that admission into evidence of his utterances and the two documents he signed during his period of "detention" by the manager in the hotel office constituted error because he was not properly warned of his rights as required by *Miranda.* Yates was not in custody at the time, nor was he being questioned by law enforcement officers. *Miranda* is therefore inapplicable. Evans v. United States, 5 Cir. 1967, 377 F.2d 535.

It is understandable that the defense should stretch *Miranda* to the breaking point. But even under *Miranda* a conversation in a hotel office between two unarmed private citizens and a man with a pistol under his belt is not custodial interrogation.

\* \* \*

We have considered Yates's other contentions and find them to be without merit. His conviction in the district court is therefore affirmed.

[1.] In Broughman v. United States, 1966, 124 U.S.App.D.C. 54, 361 F.2d 71; Hunt v. United States, 1963, 115 U.S.App.D.C. 1, 316 F.2d 652; and Young v. United States, 1962, 114 U.S.App.D.C. 42, 309 F.2d 662, evidence was found that would support a conviction on a lesser offense, and each case was thus reversed and remanded for a new trial with a charge on such offense. In Greenfield v. United States, 1964, 119 U.S.App.D.C. 278, 341 F.2d 411, and Larson v. United States, 10 Cir. 1961, 296 F.2d 80, the cases were remanded for new trials with charges on the lesser offense because disputes over factual elements that were necessary for convictions on the greater offenses were found.