■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOHN JOSEPH KAMPF, Appellant.— Judgment of the Supreme Court, Queens County, rendered January 3, 1968, modified, on the law and the facts, so as to amend the sentence from imprisonment in the Penitentiary of the City of New York to imprisonment for a definite term of one year. As so modified, judgment affirmed. In our opinion, the court below erred in imposing an indefinite term of imprisonment under article 7-A of the Correction Law, which, at the date of sentence, had been repealed. (See *People* v. *Monteleone*, 30 A D 2d 153.) Christ, Acting P. J., Brennan, Rabin, Munder and Martuscello, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. AUGUST FRANK MAZZELLA, Appellant.— Order of the County Court, Orange County, dated October 10, 1967, which denied defendant's *coram nobis* motion without a hearing, affirmed. On the day when the hearing on defendant's first *coram nobis* motion was to be held, defendant's counsel, in open court and in the presence of defendant, withdrew the allegations as to the prosecutor's willful use of perjured testimony, stating that he had no faith in the allegations. The second *coram nobis* application (now under review) was made on the same grounds as the first. In our opinion, the County Court did not err in denying the second motion without a hearing (cf. *People* v. *Sulivan*, 4 N Y 2d 472; *People* v. *Mazzella*, 13 N Y 2d 997; *People ex rel. Maher* v. *Fay*, 27 A D 2d 853). Beldock, P. J., Christ, Brennan, Hopkins and Benjamin, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JAMES LEE PARLER, Appellant.— Judgment of the Supreme Court, Kings County, rendered January 5, 1967, convicting defendant of possession of burglar's instruments as a felony and burglary in the second degree, upon a jury verdict, and imposing sentence, affirmed. In our opinion, proof of statements made by defendant to a private individual was not rendered inadmissible merely because that individual failed to give him the warnings required by *Miranda* v. *Arizona* (384 U. S. 436). (Cf. *Schaumberg* v. *State*, 432 P. 2d 500 [Nev.]; *Yates* v. *United States*, 384 F. 2d 586; *People* v. *Gray*, 28 A D 2d 1079; *People* v. *Horman*, 29 A D 2d 569; *People* v. *Frank*, 52 Misc 2d 266.) In view of the overwhelming proof of defendant's guilt, any error in the admission of testimony by a police officer as to a statement by defendant, in the absence of the *Miranda* warnings, may be disregarded under section 542 of the Code of Criminal Procedure (cf. *Guyette* v. *State*, 438 P. 2d 244 [Nev.]). Similarly, any error in the admission of testimony that defendant stood mute when asked a question did not prejudice his substantial rights and may also be disregarded as harmless (*People* v. *Rutigliano*, 261 N. Y. 103, 107). Beldock, P. J., Christ, Brennan, Hopkins and Benjamin, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ROBERT REATZ, Appellant.— Judgment of the Supreme Court, Kings County, rendered March 28, 1967 on resentence, affirmed. No opinion. Order of the Supreme Court, Kings County, dated April 3, 1967 and made on reargument, affirmed insofar as appealed from. No opinion. Order of the Supreme Court, Kings County, dated May 5, 1967, affirmed. No opinion. (The order was made after a hearing directed by the Court of Appeals [*People* v. *Reatz*, 16 N Y 2d 541, modg. 21 A D 2d 805].) Beldock, P. J., Christ, Brennan, Hopkins and Benjamin, JJ., concur.