**Isaac B. PETWAY, Appellant,**

v.

**UNITED STATES, Appellee.**

**No. 13244.**

District of Columbia Court of Appeals.

Argued Aug. 12, 1980.

Decided Sept. 29, 1980.

Nancy K. Glassman, Washington, D. C., appointed by the court, for appellant.

Christopher A. Myers, Asst. U. S. Atty., Washington D. C., with whom Charles F. C. Ruff, U. S. Atty., and John A. Terry, Asst. U. S. Atty., Washington D. C., were on the brief, for appellee.

Before GALLAGHER, MACK and PRYOR, Associate Judges.

---

PER CURIAM:

Appellant was convicted in the Criminal Division of the Superior Court of assault on a police officer in violation of D.C. Code 1973, § 22–505(a). In this court, he makes five assignments of error,* only one of which we find to require primary consideration–*i. e.* whether the trial court erred in refusing to instruct the jury on the lesser–included offense of simple assault despite appellant's timely request.

The government's evidence established that, sometime after four o'clock one January afternoon, appellant entered Stewart Junior High School through a back door and was asked to leave by Metropolitan Police Officer Barnes. Officer Barnes was not in uniform but was wearing a blue jacket with an insignia reading "Metropolitan Police Department." Over the back entrance to the school was a sign reading "Boys Club, Metropolitan Police Department." The officer and another witness testified that Barnes identified himself to appellant as a police officer. Appellant, who was carrying a walking cane, claimed to have lost some identification papers. The officer looked around for the papers. Not finding them, the officer told appellant that if the papers were later located he would hold them for appellant. As appellant left the building through the door he entered, followed by Officer Barnes, appellant suddenly turned and swung the cane at Officer Barnes. A fight ensued. Appellant was subdued and arrested.

Appellant testified that on the afternoon in question he had been drinking with friends in a nearby park and needed to use a bathroom. Seeing a janitor near the front entrance of a nearby school, appellant asked if he might use the school's bathroom. Following the janitor's instructions, appellant went to a back entrance and knocked on the door and was admitted to the building. He was asked to leave by Officer Barnes who was dressed in jeans and a blue jacket. Appellant testified that he did not see the sign over the back door entrance nor did he read the insignia on the jacket of Officer Barnes. He further testified that Barnes did not identify himself as a police officer. As appellant and Officer Barnes left the building, appellant noticed his wallet was missing. He accused Barnes of having his wallet and attempted to reenter the building. Officer Barnes then struck appellant and a fight ensued.

We agree with appellant's contention that the trial court erred in denying his request for an instruction on the lesser–included offense of assault.

 A lesser–included offense instruction is "only proper where the charged greater offense requires the jury to find a disputed factual element which is not required for

---

* At oral argument, counsel conceded that appellant's claim that he had been denied the right to represent himself consistent with *Faretta v. California*, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975) was "frankly not the main issue" but substituted the argument that the trial court failed to inquire into the reason for appellant's dissatisfaction with counsel in light of *Monroe v. United States*, D.C.App., 389 A.2d 811, *cert. denied*, 439 U.S. 1006, 99 S.Ct. 621, 5 L.Ed.2d 683 (1978). The extent of the trial court's inquiry was briefly alluded to, but not briefed, by the appellant in this court. In view of our disposition here, the fact that appellant has expressed dissatisfaction with at least three attorneys, and the fact that the trial court (at appellant's request) permitted *pro se* representation with assistance from standby counsel, we do not address the issue here. We do note that participation by standby counsel was minimal and effective.

As to the claim that appellant was denied the right to testify as to his knowledge of the policeman's identity, the record shows that appellant, in answering a question by standby counsel, denied that Officer Barnes ever informed appellant that he was a police officer. It was error to limit appellant's subsequent testimony as to his recognition of Officer Barnes' status. The substance of such testimony would have been material to the issue on which we find it necessary to reverse–*i. e.*, the question of whether appellant was entitled to an instruction on the lesser–included offense of simple assault.

The argument that petitioner has been prejudiced by the trial court's instruction as to voluntary intoxication is frivolous.

Due to our disposition of the case, we do not decide petitioner's contention that he was prejudiced by the prosecutor's questioning as to an alleged prior conviction where appellant had not yet gone to trial for the offense.

the conviction of the lesser–included offense . . . ." *Sansone v. United States,* 380 U.S. 343, 350, 85 S.Ct. 1004, 1009, 13 L.Ed.2d 882 (1965).

Once the defendant introduces evidence showing a factual dispute with respect to the element included in the greater offense but not the lesser offense, the court must give the lesser–included offense instruction to the jury if there is "some evidence" to support the lesser charge. *Stevenson v. United States,* 162 U.S. 313, 314, 16 S.Ct. 839, 40 L.Ed. 980 (1896). The court in *Belton v. United States,* 127 U.S.App.D.C. 201, 206, 382 F.2d 150, 155 (1967) described the evidentiary requirement as " 'any evidence' . . . however weak." The *Belton* court went on to state that a case may meet the "some evidence" test "even though this depends on an inference of a state of facts that is ascertained by believing defendant as to part of his testimony and prosecution witnesses on the other points in dispute." *Id.* (citations omitted). *See also Broughman v. United States,* 124 U.S.App.D.C. 54, 55, 361 F.2d 71, 72 (1966); *Young v. United States,* 114 U.S.App.D.C. 42, 43, 309 F.2d 662, 663 (1962).

However, if the evidence for the defense is "so incredible as to provide no plausible evidence at all in support of the defendant's theory of the case," the evidence does not meet the minimal requirements. *Day v. United States,* D.C.App., 390 A.2d 957, 963 (1978).

■ Out of deference for the jury's role as factfinder, in close cases "the trial court should generally opt in favor of giving an instruction on a lesser included offense, if it is requested . . . ." *United States v. Comer,* 137 U.S.App.D.C. 214, 219, 421 F.2d 1149, 1154 (1970). *See also Belton v. United States, supra* at 207, 382 F.2d at 156.

■ The brief of appellee concedes that simple assault is a lesser–included offense of assault on a police officer. In order to convict a person of assault on a police officer (D.C. Code 1973, § 22–505), the government must prove the elements of simple assault (D.C. Code 1973, § 22–504) plus the additional element that the "defendant knew or should have known" the victim was a police officer. *Fletcher v. United States,* D.C.App., 335 A.2d 248, 251 (1975).

There is contradictory evidence in the record with respect to the additional element of knowledge required in the offense of assault on a police officer. The defendant's testimony contradicted the prosecution witnesses' testimony that the officer, who was wearing jeans, identified himself as a police officer. Further, the appellant denied having read the insignia on the officer's jacket or the "Boys Club, Metropolitan Police Department" sign above the back entrance. Under these circumstances, the court cannot conclude that appellant knew or should have known of the officer's identity nor that appellant's disclaimer of knowledge is "incredible" as a matter of law.

It is, of course, uncontroverted that a fight broke out between Officer Barnes and the appellant. The witnesses for the government testified that the appellant struck the first blow. Appellant testified that he acted in self defense and that he did not know the complainant was a police officer. Had the lesser–included offense instruction been given to the jury, the jury may have accepted the testimony of the government's witnesses that appellant struck the first blow while believing appellant's testimony that he did not know Officer Barnes was a police officer. Thus, there was some evidence in the record to meet the minimal standards set out in *Stevenson v. United States, supra.*

We cannot agree with the government's theory that appellant's testimony was "incredible" as to the question of knowledge because it was incredible as to other testimony. The credibility of appellant's testimony supporting simple assault should have been determined by the jury. Accordingly, we hold that the trial court erred in refusing to give the lessor–included offense instruction to the jury.

*Reversed.*