823 F.2d 549
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Lewis Alvin DOBSON, Jr., Defendant-Appellant.
 No. 87-5015
 United States Court of Appeals, Fourth Circuit.
 Submitted June 18, 1987.
Decided July 10, 1987.
 
 Thomas C. Carter, on brief, for appellant.
 Henry E. Hudson, United States Attorney, Barry M. Tapp, Special Assistant United States Attorney, Lorraine Kibler, Paralegal Specialist, on brief, for appellee.
 Before RUSSELL and SPROUSE, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Lewis Alvin Dobson, convicted of assaulting, resisting, opposing, impeding, intimidating, or interfering with District of Columbia Correctional Officer Vincent Hodges while Hodges was engaged in the performance of his official duties at the Lorton Reformatory in Lorton, Virginia, challenges the sufficiency of the evidence to sustain that conviction. Finding ample proof of all elements of the offense, we affirm the judgment of conviction.
 
 
 2
 A conviction for assault on a correctional officer under D.C. Code Sec. 22-505(a) requires proof of the following:
 
 
 3
 (1) that the complainant was an employee of the District of Columbia Department of Corrections;
 
 
 4
 (2) that the defendant assaulted, resisted, opposed, impeded, intimidated, or interfered with the complainant;
 
 
 5
 (3) that the defendant knew or had reason to believe that the complainant was engaged in the performance of his official duties;
 
 
 6
 (4) that the defendant knew or had reason to believe that the complainant was an employee of the Department of Corrections;
 
 
 7
 (5) that the defendant intended to assault, resist, oppose, impede, intimidate, or interfere with the complainant; and
 
 
 8
 (6) that the defendant did so without justifiable and excusable cause.
 
 
 9
 See D.C. Code Sec. 22-505(a); Petway v. United States, 420 A.2d 1211, 1213 (D.C. App. 1980).
 
 
 10
 Dobson admitted at trial that he ran from Officer Hodges as Hodges was escorting him across the courtyard to the captain's office and that he knew at the time that Officer Hodges was a correctional officer. He explained, however, that he ran because he feared Officer Hodges and that he later turned himself in voluntarily to another officer. Dobson denied striking Officer Hodges in the mouth as both Officer Hodges and Officer Givan, another escorting officer, had testified.
 
 
 11
 Dobson argued at the close of the government's evidence, and reasserts on appeal, that the government's evidence was insufficient to establish that he assaulted Officer Hodges because the testimony of Givan and Hodges, the government's two witnesses, conflicted as to whether Dobson struck Hodges in the face before or after he ran and conflicted as well in certain other aspects. The fact that Givan and Hodges did not remember in the same way exactly when during the incident Dobson struck Hodges does not establish that the striking did not occur. The jury readily could have found, beyond a reasonable doubt, that Dobson did strike Hodges.
 
 
 12
 Dobson also argues that his flight from Officer Hodges was justified. Although Dobson testified that he ran because he feared Hodges, it was for the jury to determine whether the evidence demonstrated justifiable cause for Dobson's conduct. On the evidence presented, the jury clearly could have found beyond a reasonable doubt that Dobson acted without justifiable or excusable cause.
 
 
 13
 As the evidence at trial was sufficient for a rational trier of fact to convict, United States v. MacDougall, 790 F.2d 1135, 1151 (4th Cir. 1986), we affirm the judgment of conviction. We dispense with oral argument because the facts and legal contentions are adequately developed in the materials before the Court and argument would not significantly aid the decisional process.
 
 
 14
 AFFIRMED.