John J. KELLY, Appellant,

v.

DISTRICT OF COLUMBIA, Appellee.

No. 2087.

Municipal Court of Appeals for the District of Columbia.

Argued Nov. 12, 1957.

Decided March 17, 1958.

Rehearing Denied April 2, 1958.

Albert A. Stern, Washington, D. C., for appellant.

Hubert B. Pair, Asst. Corp. Counsel, Washington, D. C., with whom Chester H. Gray, Corp. Counsel, Milton D. Korman, Principal Asst. Corp. Counsel, and Richard W. Barton, Asst. Corp. Counsel, Washington, D. C., were on the brief, for appellee.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

HOOD, Associate Judge.

A jury in the Juvenile Court found appellant to be the father of an illegitimate child, and he was ordered to make payments for the support of the child.[1] This appeal challenges the validity of the entire proceeding because of a claimed failure to comply with certain preliminary requirements.

Our present statute authorizes the mother to "go before an Assistant Corporation Counsel for the District of Columbia at the juvenile court and accuse any man of being the father of her child and request his arrest." On the making of such accusation, the statute provides:

> "The Complainant shall be examined under oath by an Assistant Corporation Counsel to determine the validity of the accusation. If, upon examination, there appears reasonable cause to believe that the accused person is the father of the child in question, the complaint shall be reduced to writing, verified by the Complainant, and filed with the clerk of the court * * *."[2]

1. Code 1951, Supp. V, 11–958.

2. Code 1951, Supp. V, 11–953.

Upon the filing of the complaint, proceedings are instituted in the name of the District of Columbia upon information by the Corporation Counsel or an assistant.[3]

At the trial the mother was questioned concerning the procedure preliminary to the filing of the complaint. She testified that when she went to the juvenile court she was questioned by a woman who wrote up certain papers and prepared a complaint which she (the witness) signed; that they went upstairs where they met an assistant corporation counsel in the corridor; that he asked her name, whether she was single or married, and "if that (apparently the complaint) was true"; and she then put up her hand and swore to it. Any deficiency in the witness's testimony regarding the procedure was cleared up by the assistant corporation counsel who stated to the court that the complaining witness "was conducted through a three-page interview in the office of the Corporation Counsel" by a woman assigned to the office; that he did not personally interview the witness, but that he did ask her the questions she had indicated in her testimony and she then made oath to the complaint before him. Our question is whether this procedure meets the statutory requirements.

■ It may be observed that prior to the present Act of January 11, 1951, the statute provided that the mother go before the clerk of the juvenile court and make the accusation; that the clerk should examine the mother under oath concerning her residence, her marriage or single condition, where and when she was delivered of the child, and if the child was delivered outside of the District, the reason thereof.[4] It is noteworthy that under the prior statute the clerk of the court was not required, at least in specific terms to determine whether there was "reasonable cause" to believe that the accused was the father of the child.

It is obvious that the present law, while permitting the mother to accuse "any man of being the father of her child," intends that no information be filed against any man until the mother is first "examined under oath by an Assistant Corporation Counsel to determine the validity of the accusation," and such examination discloses "reasonable cause to believe that the accused person is the father of the child." It is plain that the statute requires that the examination under oath be made by an assistant corporation counsel and not by some employee of the Corporation Counsel's office. It is therefore equally plain that the requirements of the law were not met in this case.

■ The "examination" here appears to have been mainly an "interview," not under oath, with a clerical employee. On the basis of this interview, a complaint was prepared and signed. The perfunctory making of oath to the complaint before an assistant corporation counsel did not constitute an examination under oath by him.

■ Proceedings to determine the paternity of an illegitimate child and compel support by the father are strictly statutory. In order that the court may validly proceed, the statutory requirements must be followed. The examination in accordance with the statute is mandatory, and failure to comply, when properly and promptly called to the attention of the court, vitiates the entire proceeding. Here appellant raised the question at his first opportunity and waived no right to assert it. The argument of the District that the verdict of the jury established the validity of the accusation and thereby eliminated the necessity of the statutory requirement of examination is not tenable.

Reversed with instructions to dismiss the information.

3. Code 1951, Supp. V, 11–951.

4. Code 1951, 11–944 (Act of June 18, 1912, as amended by Act of March 16, 1926).