DISTRICT OF COLUMBIA, Appellant,

v.

Richard Lee DADE, Appellee.

Nos. 2784, 2785.

Municipal Court of Appeals for the District of Columbia.

Argued June 26, 1961.

Decided Sept. 6, 1961.

H. Thomas Sisk, Asst. Corp. Counsel, Washington, D. C., with whom Chester H. Gray, Corp. Counsel, Milton D. Korman, Principal Asst. Corp. Counsel, and Hubert B. Pair, Asst. Corp. Counsel, Washington, D. C., were on the brief, for appellant.

Andrew W. Carroll, Washington, D. C., for appellee.

Before HOOD and QUINN, Associate Judges, and CAYTON (Chief Judge, Retired) sitting by designation under Code, § 11–776(b).

HOOD, Associate Judge.

The District of Columbia has appealed from an order of the Juvenile Court dismissing at trial two informations which charged appellee with being the father of two illegitimate children. The basis for the dismissals was our ruling in Kelly v. District of Columbia, D.C.Mun.App., 139 A.2d 512, 513; and the question is whether the trial court correctly applied that ruling to the facts here presented.

In Kelly we ruled that an information of the nature here involved should be dismissed because of failure of compliance with the statutory requirement that before filing an information the complainant "be examined under oath by an Assistant Corporation Counsel to determine the validity of the accusation." [1]  There we said:

> "It is obvious that the present law, while permitting the mother to accuse 'any man of being the father of her child,' intends that no information be filed against any man until the mother is first 'examined under oath by an Assistant Corporation Counsel to determine the validity of the accusation,' and such examination discloses 'reasonable cause to believe that the accused person is the father of the child.' It is plain that the statute requires that the examination under oath be made by an assistant corporation counsel and not by some employee of the Corpora-

[1]. Code 1951, § 11–953, Supp. VIII.

tion Counsel's office. It is therefore equally plain that the requirements of the law were not met in this case."[2]

In Kelly it was plain that the requirement had not been met because there it was conceded that the examination had been conducted by a clerical employee and the assistant corporation counsel did not personally interview the complainant but merely took her oath to the complaint prepared by the clerical employee.

In the present case we find that the informations were filed in January 1954, but trial was not had until December 1960. The delay appears to have been due to inability of the authorities to apprehend appellee. Therefore when at trial counsel for appellee sought to elicit from the complainant the nature and extent of her examination, his inquiry was directed at an occurrence which had happened nearly seven years previously. To counsel's inquiries the complainant replied that she was first interviewed by a secretary who asked questions and entered her answers on an information sheet, and then she was taken to another room where an assistant corporation counsel read the information sheet and then questioned her. As may well be expected because of the intervening years, the witness was rather vague as to the number of questions asked and the exact subject of them. After this questioning the assistant corporation counsel asked the witness if her answers appearing on the information sheet were true and required her to make oath to the same.

In addition to the foregoing testimony it was stipulated that the assistant corporation counsel who had handled the matter, if called to testify, would testify that he had no recollection of this specific case but that his practice at that time was to have the complainant brought before him with the information sheet and he would ask a series of questions to determine if there was a prima facie case.

It is our opinion that this case is clearly distinguishable from the Kelly case. Here there is no concession that complainant was not personally interviewed by the assistant corporation counsel. The evidence is clear there was a personal examination and, although the exact details of the interview are lacking, there is a showing of a substantial compliance with the statute.

Appellee argues, however, that the record establishes that the examination was not under oath as required by statute because the oath was not administered until the end of the interview. While it may be better practice to put the complainant under oath at the beginning of the examination, the record does not establish such a fatal variance from the statutory requirement as to warrant dismissal of the informations.

Reversed.