**Benjamin A. HILLIARD, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 17109.**

United States Court of Appeals
District of Columbia Circuit.

Argued March 11, 1963.

Decided March 21, 1963.

Mr. John A. Shorter, Jr., Washington, D. C., for appellant.

Mr. Barry I. Fredericks, Asst. U. S. Atty., with whom Messrs. David C. Acheson, U. S. Atty., and Frank Q. Nebeker, Asst. U. S. Atty., were on the brief, for appellee.

Before WILBUR K. MILLER, DANAHER and BURGER, Circuit Judges.

DANAHER, Circuit Judge.

Hilliard was convicted of robbery after a trial in which the matter of identification became critical. It developed that one of the Government's chief witnesses had furnished to the police a description of the robber. She testified on cross examination that she had told the investigating police "exactly" what she had said in court. She said that she had given the officers a statement.

A detective testified that the chief complaining witness had picked the appellant from a line-up, which had been conducted by him. It developed that he had not taken the statement from the witness but had had recourse to a "report" which had been made by the investigating officers. When cross-examined, the detective testified that he had no copy of the report with him but that it was in a jacket outside. Defense counsel asked that he be permitted to get it. Counsel attempted to argue the importance of the report "in terms of the information she related to the police officer." The trial judge ruled that defense counsel was "not entitled to the report."

In Saunders v. United States [1] this court, speaking through Mr. Justice Reed, sitting by designation, had occasion to consider the impact of various decisions of the Supreme Court on situations not greatly unlike that here pre-

---

1. 114 U.S.App.D.C. 345, 316 F.2d 346 (1963).

sented. It was pointed out "that when a defendant seeks the production of a statement as defined in the statute [18 U.S.C. § 3500], the district court has an affirmative duty to determine whether any such statement exists and is in the possession of the Government and, if so, to order the production of the statement."

■ A trial judge is to conduct such inquiry as may be necessary to determine whether or not the conditions of the statute have been satisfied. His inquiry may involve an interrogation of witnesses, or he may make an in camera examination of the statement. Considerations affecting the ultimate determination by the trial judge as to whether or not the production of the statement is to be required have been sufficiently treated in Saunders, and no elaboration is necessary.

■■ Suffice it to say that in our judgment there was error on the record presented here.[2] That is not to say that this appellant is entitled to a new trial. Since the trial judge conducted no examination into the circumstances, we will remand the case to the end that he shall make appropriate inquiry, taking whatever steps he may deem necessary to permit him to determine whether or not the police report or pertinent parts thereof should have been produced. If he decides in the affirmative, he will next decide whether or not the failure at trial to order such production resulted in prejudicial error.[3] If he concludes that there was such error, he will order a new trial.

Conversely, if he decides either question in the negative, he will enter a new order of conviction that a record may be preserved for review.

Accordingly, we remand for further proceedings conformably to what has been said.

Remanded.

2. It fairly should be noted that the trial occurred on April 12, 1962, long before our Saunders opinion had come down.

3. See Rosenberg v. United States, 360 U. S. 367, 79 S.Ct. 1231, 3 L.Ed.2d 1304 (1959); Saunders v. United States, supra note 1.