Isaac WILLIAMS, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 17964.

United States Court of Appeals
District of Columbia Circuit.

Argued Nov. 12, 1963.

Decided Dec. 12, 1963.

Mr. Vance A. Fisher, Washington, D. C., with whom Mr. George Blow, Washington, D. C. (both appointed by this court) was on the brief, for appellant. Mr. M. Michael Sharlot, Washington, D. C. (appointed by this court) also entered an appearance for appellant.

Mr. B. Michael Rauh, Asst. U. S. Atty., with whom Messrs. David C. Acheson, U. S. Atty., Frank Q. Nebeker and William H. Collins, Jr., Asst. U. S. Attys., were on the brief, for appellee.

Before FAHY, DANAHER and BASTIAN, Circuit Judges.

FAHY, Circuit Judge:

Appellant was convicted of assault with a dangerous weapon. There was testimony and other evidence that he assaulted a man in a bar or grill with a bottle and bar stool. Appellant himself was shot by one Butler, the proprietor of the place who was tending the bar. Reversal is sought on grounds now to be mentioned and discussed with brevity.

■ It is said the court erroneously refused the request of defense counsel for an instruction on the lesser included offense of simple assault. We find no error in this respect. There was insufficient evidence of simple assault to have justified a verdict of guilty of that offense.

■ It is said cross-examination of Butler, designed to show his interest and bias, was erroneously restricted. We find no abuse of discretion in this regard, especially in light of the fact that the circumstances of the shooting by Butler and the consequent relation of this witness to the situation as a whole were sufficiently developed and argued to the jury.

■ It is said the court erred in refusing, on request, to order production of the transcript of the testimony of a key government witness given before the grand jury. We find no error in this refusal, because the evidence as a whole indicates no probable inconsistency.

■ It is said the court erred in instructing the jury that it was their duty to listen to each other with a view of being convinced by what their fellow jurors had to say so that the verdict would be unanimous and true. This was not objected to and occurred in the context of a full charge which precludes us from holding that the questioned part amounted to such plain error affecting substantial rights as to require reversal in the exercise of our discretion under Rule 52(b), Fed.R.Crim.P.

Neither in the respects discussed nor for other reasons do we find reversible error.

■ There is, however, a problem under the Jencks Act, 18 U.S.C. § 3500 (1958), which requires a remand. Butler, the proprietor of the grill, and Pauline Smith, a waitress at the grill, testified for the prosecution. Each had testified before the grand jury and a short while before doing so each had given a statement to a clerk of the grand jury unit of the United States Attorney's office. The clerk was an agent of the government. The statements were taken down and transcribed in writing by the clerk. Counsel for appellant requested the production of both written statements. This was denied, the court ruling that the written statements were not substantially verbatim accounts of what the witnesses had said and were in no way

inconsistent with the witnesses' testimony at the trial.[1] If, however, either statement was a substantially verbatim recital of what the witness had said to the clerk it should have been made available to defense counsel under the Jencks Act, which provides that after a witness called by the United States has testified on direct examination the court shall upon motion of the defendant order the United States to produce *inter alia* a stenographic or other recording or transcription "which is a substantially verbatim recital of an oral statement made by said witness to an agent of the Government and recorded contemporaneously with the making of such oral statement." 18 U.S.C. § 3500(e)(2) (1958).

■ As was pointed out by this court in Saunders v. United States, 114 U.S. App.D.C. 345, 348, 316 F.2d 346, 349 (1963), and reasserted in Hilliard v. United States, 115 U.S.App.D.C. 86, 317 F.2d 150, 151 (1963), these statutory provisions require that when a defendant seeks the production of a statement, as defined in the Act, "the district court has an affirmative duty to determine whether any such statement exists and is in the possession of the Government and, if so, to order the production of the statement." In *Hilliard* we further pointed out, "A trial judge is to conduct such inquiry as may be necessary to determine whether or not the conditions of the statute have been satisfied. His inquiry may involve an interrogation of witnesses, or he may make an in camera examination of the statement," or the circumstances may call for both such in camera examination and interrogation of witnesses. This is clear from the decisions of the Supreme Court

in Campbell v. United States, 373 U.S. 487, 83 S.Ct. 1356, 10 L.Ed.2d 501 (1963), decided subsequent to the trial of this case, and in Palermo v. United States, 360 U.S. 343, 354–355, 79 S.Ct. 1217, 1226, 3 L.Ed.2d 1287 (1959). In the latter case the Court said:

"It is also the function of the trial judge to decide, in light of the circumstances of each case, what, if any, evidence extrinsic to the statement itself may or must be offered to prove the nature of the statement. In most cases the answer will be plain from the statement itself. In others further information might be deemed relevant to assist the court's determination."

■ In the present case the trial judge examined the statements. They have also been made available to and have been examined by this court. It cannot be determined from the statements themselves that they are not substantially verbatim recitals of what the witnesses told the government agent. It is true each bears an introductory sentence reading, "The following is a summary of the witness conversation not read to or by the witness it is not intended to be a substantially verbatim account—ws."[2] But, of course, the prosecution may not insulate itself from the requirements of the Jencks Act by such a pronouncement. Butler testified that the clerk took down what he said while he was speaking, and a portion of his statement is enclosed in quotation marks, which suggests that to some degree at least it incorporates his exact words.

■■ The burden is not upon the defendant to prove that the statements re-

---

1. In ruling that the statements were not substantially verbatim within the meaning of the Jencks Act the learned judge seems to have relied in part upon his own personal knowledge of how the government conducted grand jury proceedings. We think this should not have played a part in his decision, which should be made on the record before him. Moreover, he said the statements were not inconsistent with the witnesses' testimony

on the stand. While lack of inconsistency might be a factor when the minutes of a grand jury are sought for purposes of cross-examination of a witness, that is a different matter from the right of the defense under the Jencks Act to require production of a prior statement of a witness who has testified for the government.

2. Lack of punctuation as in the original.

quested are substantially verbatim recitals within the meaning of the Act. As we have indicated, the duty of examining all available evidence rests upon the trial judge himself, assisted by the parties. Campbell v. United States, 365 U.S. 85, 95, 81 S.Ct. 421, 5 L.Ed.2d 428 (1961); Saunders v. United States, supra; Hilliard v. United States, supra; and see United States v. Crosby, 294 F.2d 928, 950–951 (2d Cir. 1961), cert. denied sub nom. Mittelman v. United States, 368 U.S. 984, 82 S.Ct. 599, 7 L.Ed.2d 523 (1962); United States v. McKeever, 271 F.2d 669, 674 (2d Cir. 1959). His duty as spelled out by the Supreme Court and our decisions called in this case not merely for an examination of the statements in camera but also for a hearing, outside the presence of the jury, at which appropriate inquiry could be made as to whether they were substantially verbatim recitals of what the witnesses had said to the government agent. The inquiry in the present circumstances calls for examination of the clerk and also of the witnesses who made the statements, unless the examination of the clerk shows without more that the statements are producible.

The absence of the required inquiry by the court does not, however, necessarily call for a new trial; that depends upon the result of the inquiry to be conducted. The appropriate procedure is laid down by the Supreme Court in Campbell v. United States, 365 U.S. 85, 81 S.Ct. 421, 5 L.Ed.2d 428 (1961), followed by this court in the *Saunders* and *Hilliard* cases. In accordance with that procedure the District Court should hold a hearing to determine whether the statements transcribed by the government agent contained any material which should have been produced by the government in accordance with this opinion, or otherwise under the Jencks Act.[3] Moreover, as held in Campbell v. United States, 365 U.S. at 99, 81 S.Ct. at 428, 5 L.Ed.2d 428,

> "The District Court will supplement the record with new findings and enter a new final judgment of conviction if the court concludes upon the new inquiry to reaffirm its former rulings. This will preserve to the petitioners the right to seek further appellate review on the augmented record."

If the court concludes, however, that the government should have been required to deliver either or both statements to appellant and that the failure to do so was prejudicial,[4] the court shall vacate the judgment of conviction and accord appellant a new trial.

Remanded to the District Court for further proceedings consistent with this opinion.

---

3. The Jencks Act also requires production of written statements "made by said witnesses and signed or otherwise adopted or approved by him." 18 U.S.C. § 3500(e)(1).

4. See Rosenberg v. United States, 360 U.S. 367, 370–371, 79 S.Ct. 1231, 3 L.Ed.2d 1304 (1959); Saunders v. United States, supra; Hilliard v. United States, supra.