Henry A. MOORE, Appellant,

v.

UNITED STATES of America, Appellee.

No. 18121.

United States Court of Appeals District of Columbia Circuit.

Argued Dec. 19, 1963.

Decided Feb. 6, 1964.

---

------◆------

Mr. J. Albert Woll, Washington, D. C. (appointed by this court), for appellant.

Mr. John A. Terry, Asst. U. S. Atty., with whom Messrs. David C. Acheson, U. S. Atty., Frank Q. Nebeker and Harold H. Titus, Jr., Asst. U. S. Attys., were on the brief, for appellee.

Before BASTIAN, BURGER and WRIGHT, Circuit Judges.

PER CURIAM.

In this criminal appeal appellant contends that under the Jencks Act, 18 U.S.C. § 3500(e) (1958), he was entitled to production at trial of certain documents alleged to be "statements" of the witness Robertson in the possession of the Government. The existence of these documents—an unsigned ostensible account of Robertson's projected testimony before the grand jury (Exhibit B) and a police incidental (Exhibit A)—was not ascertained until a post-trial hearing on appellant's application to appeal without prepayment of costs. Although the trial court denied appeal without prepayment, it did not specifically decide whether these documents were "statements" producible under the Jencks Act; this despite Robertson's testimony that he had given a pre-trial statement to the police concerning the alleged crime.

As we see it, this testimony of Robertson required that a hearing be conducted outside the jury's presence to discover whether any "Jencks statements" relating to Robertson were in the possession of the Government. Any additional material producible under the Jencks Act would also have come to light in such hearing.

We therefore remand the record to the District Court to conduct a hearing;

(1) to identify what transaction Robertson was referring to in his testimony and whether any conversations in which he had engaged with government representatives had been transcribed in any manner;

(2) to examine in camera such statement or statements, if any, to examine the police incidental (Exhibit A) and the projected grand jury testimony (Exhibit B) to determine which, if any, should have been produced as "statements" under 18 U.S.C. § 3500(e) (1958);

(3) if any Jencks-type statement is found, to decide whether failure to produce it was prejudicial to appellant's defense at trial. Williams v. United States, 117 U.S.App.D.C. ——, 328 F.2d 178.

Remanded to the District Court for further proceedings consistent with this opinion.