**Calvin DUNCAN, Jr., Appellant,**

v.

**UNITED STATES of America, Appellee.**

**Calvin DUNCAN, Jr., Appellant,**

v.

**DISTRICT OF COLUMBIA, Appellee.**

**Nos. 20178, 20179.**

United States Court of Appeals District of Columbia Circuit.

Argued Jan. 13, 1967.

Decided May 18, 1967.

Messrs. Peter R. Sherman and David E. Aaronson, Washington, D. C. (both appointed by this court), for appellant.

Mr. Geoffrey M. Alprin, Asst. U. S. Atty., with whom Messrs. David G. Bress, U. S. Atty., Frank Q. Nebeker, Henry J. Monahan and Allan M. Palmer, Asst. U. S. Attys., were on the brief, for appellee in No. 20,178. Mr. Dean W. Determan, Asst. U. S. Atty. at the time the record was filed, also entered an appearance for appellee in No. 20,178.

Mr. David P. Sutton, Asst. Corp. Counsel for District of Columbia, with whom Messrs. Charles T. Duncan, Corp. Counsel, Milton D. Korman, Principal Asst. Corp. Counsel at the time the brief was filed, and Hubert B. Pair, Asst. Corp. Counsel, were on the brief, for appellee in No. 20,179. Mr. Richard W. Barton, Asst. Corp. Counsel, also entered an appearance for appellee in No. 20,179.

Mr. Glen O. Robinson, Washington, D. C., filed a brief on behalf of National Capital Area Civil Liberties Union, as amicus curiae, urging reversal.

Before FAHY,* LEVENTHAL and ROBINSON, Circuit Judges.

FAHY, Circuit Judge:

Appellant was tried by a judge without a jury in the District of Columbia Court of General Sessions, and in a single session of the court was convicted of disorderly conduct, in violation of D.C.Code § 22–1107, and of simple assault, in violation of D.C.Code § 22–504. He was

---

* Circuit Judge Fahy became Senior Circuit Judge on April 13, 1967.

sentenced to ninety-days imprisonment for the former, and concurrently to one year for the latter. The District of Columbia Court of Appeals affirmed. Duncan v. United States, 219 A.2d 110. We allowed an appeal to this court.

A question which affects both cases is whether the "Jencks" rule of evidence applies in our Court of General Sessions. The disorderly conduct case was brought by the District of Columbia, whereas the assault case was brought by the United States. The United States does not contend now that the Jencks rule does not apply in the assault case, but contends the rule was not violated. The District of Columbia joins in this contention, conceding only arguendo that the Jencks rule applies to it.

The rule is now set forth in an Act of Congress, 18 U.S.C. § 3500, but had its origins in a decision of the Supreme Court, Jencks v. United States, 353 U.S. 657, 77 S.Ct. 1007, 1 L.Ed.2d 1103. The Act of Congress is specifically applicable "in any criminal prosecution brought by the United States," which takes in our assault case; and, like assault, disorderly conduct as defined in the District of Columbia Code is punishable by fine, imprisonment, or both. We can think of no reason a rule of evidence deemed by the Supreme Court and by Congress to be essential in criminal cases should not be the rule in all courts of this federal jurisdiction.

We have held,

This court has the function and responsibility of exercising supervisory powers to the end of obtaining fair administration of criminal justice within the District of Columbia. The Supreme Court outlined our duties in the exercise of that supervisory power in Griffin v. United States, 336 U.S. 704 [69 S.Ct. 814, 93 L.Ed. 993], * * * and Fisher v. United States,

328 U.S. 463 [66 S.Ct. 1318, 90 L.Ed. 1382] * * *

Tate v. United States, 123 U.S.App.D.C. 261, 268, 359 F.2d 245, 252. Courts as well as Congress fashion rules of evidence. Tot v. United States, 319 U.S. 463, 467, 63 S.Ct. 1241, 87 L.Ed. 1519.

█  In Campbell v. United States, 365 U.S. 85, 92, 81 S.Ct. 421, 425, 5 L.Ed.2d 428, Mr. Justice Brennan referred to the command of the Jencks Act as,

designed to further the fair and just administration of criminal justice, a goal of which the judiciary is the special guardian.

It necessarily follows that the fair administration of justice in the Court of General Sessions requires recognition there of this rule of evidence, as it is defined in the Jencks Act, whether the case is prosecuted by the District of Columbia or by the United States.

The factual situation in these two cases will now be outlined to determine whether the rule was complied with.

Officer Gooden was the only witness for the prosecution in both cases. He described how he ordered a large gathering of juveniles to move on, and told appellant, who was not among the others, that the order included him. Appellant reluctantly moved away and at a distance of four to six feet from the officer said, "No black —— —— —— —— is going to tell me to get off this corner." The officer thereupon arrested appellant.[1]

The officer then described the difficulty he experienced in effecting the arrest, in the process of which appellant struck the officer and bit his hand, resulting in the assault charge. Appellant testified that he only tapped the officer and that he bit the officer because the officer "was choking me" and "stuck his hand right up by my mouth."

Defense counsel, during his cross-examination of the officer in the disorder-

---

1. Corporation Counsel's information charged that appellant "did use profane language, indecent and obscene words and did engage in loud and boisterous talking and other disorderly conduct." Apparently it was not until the conclu-

sion of Officer Gooden's direct examination that defense counsel was able to ascertain that the prosecution was being brought under D.C.Code § 22–1107 and not § 22–1121.

ly conduct case, inquired if Form PD–251 had been filled out. The witness said he believed so, that it was probably at the police station, and that it contained relevant information. Counsel requested its production under the Jencks Act. The court refused on the ground the physical location of the form was not established. Counsel pointed out that the defense was not required to go forward if entitled to the statement, that the appropriate procedure was to recess so that the statement could be obtained. The court disagreed, concluding "it is not here to be produced so I cannot order it to be produced." The judge directed counsel to proceed with the cross-examination. In all relevant respects the same situation developed in the assault case.

It is clear that the trial judge, no doubt because the matter was a novel one for the judge, did not follow the required procedure for determining whether Form PD–251 should be produced. The procedure is now well established. Campbell v. United States, 365 U.S. 85, 81 S.Ct. 421; Rosenberg v. United States, 360 U.S. 367, 79 S.Ct. 1231, 3 L.Ed.2d 1304; Palermo v. United States, 360 U.S. 343, 79 S.Ct. 1217, 3 L.Ed.2d 1287; Jencks v. United States, 353 U.S. 657, 77 S.Ct. 1007; Williams (Isaac) v. United States, 117 U.S.App. D.C. 206, 328 F.2d 178; Hilliard v. United States, 115 U.S.App.D.C. 86, 87, 317 F.2d 150, 151; Saunders v. United States, 114 U.S.App.D.C. 345, 316 F.2d 346. We summarized it in the first *Williams* case as follows:

As was pointed out by this court in Saunders v. United States, 114 U.S. App.D.C. 345, 348, 316 F.2d 346, 349 (1963), and reasserted in Hilliard v. United States, 115 U.S.App.D.C. 86, 317 F.2d 150, 151 (1963), these statutory provisions require that when a defendant seeks the production of a statement, as defined in the Act, "the district court has an affirmative duty to determine whether any such statement exists and is in the possession of the Government and, if so, to order the production of the statement."

We enlarged upon this aspect of the subject and we then quoted from Palermo v. United States, 360 U.S. 343, 354–355, 79 S.Ct. 1217, 1226 (1959), where it is said:

It is also the function of the trial judge to decide, in light of the circumstances of each case, what, if any, evidence extrinsic to the statement itself may or must be offered to prove the nature of the statement. In most cases the answer will be plain from the statement itself. In others further information might be deemed relevant to assist the court's determination.

Williams v. United States, *supra*, at 208, 328 F.2d at 180.

A Jencks Act statement is "defined in the Act" as follows: "(1) a written statement made by said witness and signed or otherwise adopted or approved by him; or (2) a stenographic, mechanical, electrical, or other recording, or transcription thereof, which is a substantially verbatim"—not necessarily a precise—"recital of an oral statement made by said witness to an agent of the Government and recorded contemporaneously * * *." 18 U.S.C. § 3500(e).

We pointed out further in *Williams:*

The burden is not upon the defendant to prove that the statements requested are substantially verbatim recitals within the meaning of the Act. As we have indicated, the duty of examining all available evidence rests upon the trial judge himself, assisted by the parties. Campbell v. United States, 365 U.S. 85, 95 [81 S.Ct. 421] (1961); Saunders v. United States, supra; Hilliard v. United States, supra; and see United States v. Crosby, 294 F.2d 928, 950–951 (2d Cir. 1961), cert. denied sub nom. Mittleman v. United States, 368 U.S. 984 [82 S.Ct. 599, 7 L.Ed.2d 523] (1962); United States v. McKeever, 271 F.2d 669, 674 (2d Cir. 1959). His duty as spelled out by the Supreme Court and our decisions called in this case not merely for

an examination of the statements in camera but also for a hearing, outside the presence of the jury, at which appropriate inquiry could be made as to whether they were substantially verbatim recitals of what the witnesses had said to the government agent.

Not only is it clear that the required procedure was not followed in these cases, but it seems clear also that had it been followed the statement would have been available in court. The witness himself said nothing to indicate otherwise. The obligation to do more was upon the court with the aid of the government. Upon being brought into court the statement could have been examined by the judge, in camera if necessary, see Palermo v. United States, 360 U.S. 343, 354, 79 S.Ct. 1217, to determine whether it related to the matters about which the witness had testified. If so, it would remain for the court to determine whether it was a substantially verbatim account of what the witness had stated to the agent of the government and was recorded contemporaneously, or whether it had been prepared or adopted by the witness. If either situation developed, the statement should have been handed to defense counsel. He would then have been entitled to a reasonable time to examine it, and, if so advised, to use it in cross-examining the witness. See Reichert v. United States, 123 U.S.App.D.C. 294, 297 & n. 5, 359 F.2d 278, 281 & n.5; Johnson v. United States, 121 U.S.App.D.C. 19, 347 F.2d 803.

We now have the Form PD–251 before us. It was presented to us in open court at argument, when the parties agreed to make it available for our perusal. It is a printed form of the Metropolitan Police Department, calling for information as to the time, place and date of the offense, the name of the complainant, the names and addresses of witnesses, and a description of the details of the offense. The description of the present offenses appearing on the

form is a twenty-line typewritten narration of the events leading to the arrest and charges against appellant. It is a statement by Officer Gooden about the matters of which he had testified on direct examination.[2] It seems to be a substantially verbatim statement of what the witness said to the agent who took it down, assuming the witness did not type it himself. It appears to be, at least in part, in the officer's own words. The personal pronoun is used. And it is signed in typewriting in his name. It has all the indicia of a statement which on the request of counsel should have been produced for his inspection and possible use.

■ Notwithstanding the foregoing, we are reluctant to decide a matter which the usual practice leaves initially for decision at trial. Accordingly we shall give the trial court the opportunity in the first instance to decide the issue of producibility under the guidelines we have reviewed; that is, whether this statement on Form PD–251, relating to the subject matter of the witness' testimony, is a substantially verbatim statement of what the officer said to a government agent who contemporaneously transcribed it, or was adopted by the officer if not his own transcription. If testimony is required as to these matters there is to be an evidentiary hearing, in accordance with the procedure laid down in Campbell v. United States, 365 U.S. at 98, 81 S.Ct. 421, and followed in Williams v. United States, 117 U.S.App. D.C. at 209, 328 F.2d at 181.

■ If it is found by the trial court that the statement should have been made available under the Jencks rule then a new trial is to be granted in both cases; for the error cannot be said to be harmless. Compare, Rosenberg v. United States, 360 U.S. 367, 371, 79 S.Ct. 1231. There were sufficient differences in the statement and the witness' testimony on direct examination to preclude us on this appellate review from holding that the

2. It is not, as the appellees' briefs mistakenly represent, no doubt due to a misreading of part of the testimony pertaining to the Form, a statement by the accused.

statement could not have been effectively utilized by the defense. We are not to speculate that the same result would have been reached by the trier of the facts had the prosecution's only witness been subject to cross-examination after defense counsel had had an opportunity to peruse and use, if so advised, the Jencks statement the witness had given after the arrest.

If, however, the trial judge decides that the statement was not producible, the court shall make findings of fact leading to that decision, and enter a new final judgment of convictions if the court concludes to reaffirm its former rulings. This will enable appellant, if so advised, to seek further appellate review on the record as it then appears. Williams v. United States, *supra*.

In view of the above disposition of the cases other contentions pressed upon us need not be decided.

It is so ordered.