**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Lincoln Calvert McSWEANEY, Defendant-Appellant.**

**No. 74–1983.**

United States Court of Appeals, Ninth Circuit.

Nov. 12, 1974.

David J. Philipson (argued), Los Angeles, Cal., for defendant-appellant.

Tom Crowe, Asst. U. S. Atty.; Phoenix, Ariz. (argued), for plaintiff-appellee.

Before MERRILL, BROWNING and INGRAHAM,* Circuit Judges.

## OPINION

PER CURIAM:

Appellant was convicted of bringing into the United States two aliens not lawfully entitled to enter (Roland Robinson and Roland's sister), in violation of 8 U.S.C. § 1324(a)(1) and (4) and 18 U.S.C. § 2, and for conspiracy to commit the substantive offenses. 18 U.S.C. § 371.

Roland Robinson testified for the government. Appellant contends that the district court erred in refusing to order disclosure under the Jencks Act of statements made by Robinson to government agents.

Under the Jencks Act, 18 U.S.C. § 3500(e), the government is required to produce "writings signed or adopted by a witness and . . . accounts which are 'a substantially verbatim recital' of a witness's oral statements." Wilke v. United States, 422 F.2d 1298, 1299 (9th Cir. 1970). There is no evidence that Robinson "signed or adopted" any writings. He did testify, however, that on two occasions he was interviewed by government agents who took notes.

The first interview was conducted after Robinson had been taken to the secondary inspection area at the border. Other testimony established that Robinson was interviewed at this point by Immigration Inspectors Holmes and Gurble. The government argues that certain notes taken by an Inspector Quick did not constitute a statement discoverable under the Jencks Act. It is clear that appellant is not seeking discovery of these notes. Quick was the Customs inspector on duty when Robinson attempted his illegal entry, and it was he who directed the automobile in which Robinson was a passenger to the secondary area for further inspection. Robinson testified that the first occasion on which he was interviewed by a government agent who took notes was after he had been taken "in the back" at the border crossing. The government has not discussed this interview in its brief.

The second interview was conducted by Inspector Cabasos with both Robinson and his sister present. A copy of the interview report was provided to McSweaney and his counsel. It states that Robinson's sister did most of the talking, Robinson merely agreeing with her, and that no separate statement was taken from Robinson.

Appellant argues that this case is controlled by the holding of Ogden v. United States, 303 F.2d 724, 736–737 (9th Cir. 1962), that testimony that a witness was interviewed by a note-taking government agent presents a prima facie showing of the existence of a producible Jencks Act statement, and when such a showing has been made it is error to deny defendant's motion that the government produce the notes, or an explanation, on the basis of the government's unsupported assertion that the notes are not available.

The report produced by the government provided an adequate basis for the district court's conclusion that Inspector Cabasos did not take a Jencks Act statement from Robinson at the second interview. However, the note-taking at the first interview has not been sufficiently explained. Accordingly, the case must be remanded to permit the district court to determine whether a Jencks Act statement was in fact taken at the first interview and, if so, what has become of it. A new trial will be required only if the court concludes that a Jencks Act statement was taken from Robinson at the first interview and that the substantial rights of appellant were affected by failure to make that statement available for use in the cross-examination of Robinson. If the court finds that a new trial is not required, it

* Honorable Joe McDonald Ingraham, United States Circuit Judge, Fifth Circuit, sitting by designation.

must "enter a new order of conviction that a record may be preserved for review." Hilliard v. United States, 115 U.S.App.D.C. 86, 317 F.2d 150, 151 (1963).

The second assignment of error concerns a comment by the district court. In the course of the trial the prosecutor objected that defense counsel was "putting on a show for the jury." The court said that defense counsel "enjoys that." This short and relatively mild rebuke of counsel was not "clearly prejudicial" to appellant; it was neither intended nor calculated to disparage him in the eyes of the jurors and prevent them from exercising an impartial judgment on the merits. Paddock v. United States, 320 F.2d 624, 627 (9th Cir. 1963).

Appellant next argues that Robinson's testimony should have been excluded because he was an accomplice and his testimony was uncorroborated, he was interrogated without having been advised of his rights, and his cooperation was rewarded with a visa to remain in the United States and attend school. None of these objections were raised in the district court. The latter two are without factual support in the record. As to the first, Robinson's testimony was corroborated in many respects by the testimony of appellant himself, and, in any event, "the uncorroborated testimony of an accomplice is sufficient to sustain a conviction . . . ." United States v. Jones, 425 F.2d 1048, 1055 (9th Cir. 1970).

Appellant's contention that the conviction should be reversed because the district court did not give an accomplice instruction sua sponte is also without merit. The court instructed the jury to "carefully scrutinize the testimony given," and in doing so to consider, *inter alia,* "the extent of contradiction or corroboration by other evidence." United States v. Brown, 454 F.2d 397, 399 (9th Cir. 1972).

Remanded for further proceedings consistent with this opinion.