**UNITED STATES of America**

v.

**NORTH AMERICAN REPORTING, INC. and Richard Lee Boyd, Appellants.**

**No. 84–5710.**

United States Court of Appeals, District of Columbia Circuit.

Argued April 1, 1985.

Decided May 3, 1985.

Hamilton P. Fox, III, Washington, D.C., for appellants.

John M. Facciola, Asst. U.S. Atty., Washington, D.C., with whom Joseph E. diGenova, U.S. Atty., Michael W. Farrell, Washington, D.C., and Harriet J. McFaul, Asst. U.S. Attys., Washington, D.C., were on the brief, for appellee.

Before TAMM, WALD and SCALIA, Circuit Judges.

Opinion for the Court filed by Circuit Judge WALD.

WALD, Circuit Judge:

Appellants, North American Reporting, Inc. and Richard Lee Boyd, appeal convictions on eight counts of mail fraud, in violation of 18 U.S.C. § 1341, and eight counts of making false statements, in violation of 18 U.S.C. § 1001. This case was previously before the court in *United States v. North American Reporting, Inc.*, 740 F.2d 50 (D.C.Cir.1984) (*"North American I"*). There we rejected appellants' several claims of error in the conduct of the trial. We remanded to the district court, however, for a determination of whether certain notes taken by the prosecutors during interviews with various prosecution witnesses were subject to production under the Jencks Act, 18 U.S.C. § 3500.[1] On remand, the district court ruled that the prosecutors' notes did not constitute producible "statements" under the Jencks Act. Appellants, on this second appeal, claim that the district court still failed to make a proper Jencks Act inquiry. We affirm the district court's decision.

## I. BACKGROUND

The facts relating to appellants' trial and convictions are fully set out in *North American I.* Only those facts relevant to this appeal will be presented here. The district court originally ruled that the prosecutors' notes at issue were "work products" of the government attorneys and thus were not producible under the Jencks Act. *See North American I,* 740 F.2d at 54. On appeal, this court found that the district court had ruled against the Jencks Act request on an erroneous legal ground.

*Id.* at 55. The Supreme Court in *Goldberg v. United States*, 425 U.S. 94, 105–08, 96 S.Ct. 1338, 1345–47, 47 L.Ed.2d 603 (1976), squarely held that the work product doctrine does not bar the production of government attorneys' notes that otherwise qualify as Jencks Act material. This court further noted that "established precedent requires the district court to engage in an adequate inquiry into the nature of the documents before ruling against Jencks Act production." *North American I,* 740 F.2d at 55. Finding that the trial judge failed to make such an adequate inquiry, we remanded the case to the district court to make the Jencks Act determination.

On remand, we directed the district court to consider whether the prosecutors' notes qualify as "statements" under either section 3500(e)(1) or section 3500(e)(2) of title 18. *Id.* The notes qualify as statements of witnesses producible under the Jencks Act if they have been "adopted or approved" by the witnesses, 18 U.S.C. § 3500(e)(1), or if they are "substantially verbatim" accounts of the witnesses' interviews, 18 U.S.C. § 3500(e)(2).[2]

Following the remand by this court, the prosecutor's office transmitted the notes in question to the trial judge together with the sworn affidavits of the two prosecutors, stating that the notes which they had taken during the witnesses' interviews had never been adopted or approved by those witnesses. *See* Letter from Harriet J. McFaul to the Honorable June L. Green (July 30, 1984), Appendix for Appellants ("Appendix") at 11; Affidavit of Harriet J. McFaul (Sept. 26, 1984), Appendix at 12;

---

**1.** The Jencks Act provides in pertinent part:

(b) After a witness called by the United States has testified on direct examination, the court shall, on motion of the defendant, order the United States to produce any statement (as hereinafter defined) of the witness in the possession of the United States which relates to the subject as to which the witness has testified.

18 U.S.C. § 3500(b).

**2.** Specifically 18 U.S.C. § 3500(e) provides:

(e) The term "statement", as used in subsections (b), (c), and (d) of this section in relation to any witness called by the United States, means—

(1) a written statement made by said witness and signed or otherwise adopted or approved by him;

(2) a stenographic, mechanical, electrical, or other recording, or a transcription thereof, which is a substantially verbatim recital of an oral statement made by said witness and recorded contemporaneously with the making of such oral statement; or

(3) a statement, however taken or recorded, or a transcription thereof, if any, made by said witness to a grand jury.

Affidavit of Richard L. Beizer (Sept. 26, 1984), Appendix at 13. Appellants set forth their views as to the appropriate procedures for making the Jencks Act determination both in a letter to Judge Green and in a subsequent memorandum filed with the court. *See* Letter from Hamilton P. Fox, III to the Honorable June L. Green (Aug. 7, 1984), Appendix at 14; Memorandum Concerning Suggested Procedures on Remand for Jencks Act Determination (Oct. 1, 1984), Appendix at 17. Specifically, appellants argued that an evidentiary hearing was required and that they should be allowed access to the notes for use at the hearing. The government responded arguing that the Jencks Act determination could be made on the basis of an *in camera* inspection and the prosecutors' affidavits, that an evidentiary hearing was unnecessary, and that the appellants should not be allowed access to the notes prior to the Jencks Act determination. *See* Government's Response to Defendants' Memorandum Concerning Suggested Procedures on Remand for Jencks Act Determination (Oct. 2, 1984), Appendix at 22.

On October 2, 1984, the district court issued an order ruling that the notes were not subject to the Jencks Act and reaffirming the appellants' convictions. The district court based its determination on an *in camera* inspection of the notes, taking into consideration the prosecutors' affidavits and papers filed by the parties. Specifically, the court stated:

> All of the notes involved were made by Harriet McFaul or Richard Beizer, the attorneys from the Department of Justice assigned to the case. They prepared nonverbatim notes of interviews or phone calls of certain witnesses, none of which were read or acknowledged by the interviewees. (*See* Affidavits). There was no apparent attempt to make complete statements and one set of notes was almost illegible; none was obviously intended to be shown to the witness.

*United States v. Richard Lee Boyd, et al.,* Crim. No. 83-00021 (D.D.C. Oct. 2, 1984) (order), Appendix at 34.

Appellants seek a second remand of the Jencks Act question claiming that the district court again failed to conduct an adequate inquiry. Appellants contend that the district court erred by (1) failing to conduct an evidentiary hearing, (2) failing to consider whether the notes were a substantially verbatim recording, and (3) failing to allow appellants access to the notes.

## II. DISCUSSION

■ Appellants first contend that the district court erred by failing to conduct an evidentiary hearing. In *Goldberg v. United States,* 425 U.S. at 108, 96 S.Ct. at 1347, the Supreme Court stated: "We have recognized that a Government objection to production may require that the trial court inspect documents or hold a hearing to gather extrinsic evidence bearing on the extent to which the documents are statements producible under § 3500." Earlier in *Palermo v. United States,* 360 U.S. 343, 79 S.Ct. 1217, 3 L.Ed.2d 1287 (1959), the Court approved the practice of conducting an *in camera* inspection to determine if production was compelled, noting that the final decision as to production must rest within the discretion of the trial judge "subject to the appropriately limited review of appellate courts." *Id.* at 353, 79 S.Ct. at 1225. "It is also the function of the trial judge to decide, in light of the circumstances of each case, what, if any, evidence extrinsic to the statement itself may or must be offered to prove the nature of the statement. In most cases, the answer will be plain from the statement itself." *Id.* at 354-55, 79 S.Ct. at 1226.

We have examined the prosecutors' notes at issue, together with the other materials submitted, and find no error in the district court's determination that an evidentiary hearing was unnecessary. In *North American I,* we similarly upheld the district court's Jencks Act determination that certain FBI notes of witness interviews were not producible based upon an *in camera* inspection of those notes:

> After examining these notes, the district judge ordered the production of five sets

of notes taken under oath. . . . As to the remaining sets of FBI notes, the district judge determined that they "sounded as though it was the reporter, not the person," *i.e.*, the witness, whose thoughts were reflected in the notes. Thus, the district court made a reasonable determination that the remaining FBI notes were not "substantially verbatim."

*North American I,* 740 F.2d at 54 n. 6 (citations omitted). *Accord United States v. Fowler,* 608 F.2d 2, 6 (D.C.Cir.1979) ("[T]he court was able by merely examining the notes ... to conclude that there was no showing that the notes constituted 'statements' under the Jencks Act.").[3]

■■■ Appellants, next, argue that the district court failed to make the required determination that the notes were not "substantially verbatim" accounts of the statements made by the witnesses.[4] *See* Brief for Appellants at 6. We find this contention untenable. The district court explicitly stated in its order that the prosecutors "prepared *nonverbatim* notes of interviews or phone calls of certain witnesses ..." *See United States v. Richard Lee Boyd, et al.,* Crim. No. 83–00021 at 1, Appendix at 34 (emphasis added). The court further found that no attempt was made to make complete statements. *Id.* Our own review of the notes fully confirms the district court's findings.

**3.** Appellants contend that if an *in camera* examination of the notes were sufficient to establish that they were not statements within the meaning of the Jencks Act, then this court would not have found it necessary to remand the case. *See* Brief for Appellants at 11. The notes were preserved for appeal and examined by this court in *North American I.* This court, however, remanded not because we were unable to make the Jencks Act determination based upon an *in camera* inspection of the notes, but because the Supreme Court has admonished that generally the determination of whether documents constitute producible "statements" should be made initially in the district court. *See North American I,* 740 F.2d at 56 (citing *Goldberg,* 425 U.S. at 108, 96 S.Ct. at 1347).

**4.** Appellants also contend that the district court's reliance on the prosecutors' affidavits, stating that the notes were not "adopted or approved" by the witnesses, is contrary to our statement in *North American I* that:

Appellants place principal reliance on this court's decisions in *Williams v. United States,* 328 F.2d 178 (D.C.Cir.1963) ("*Williams I*") and *Williams v. United States,* 338 F.2d 286 (D.C.Cir.1964) ("*Williams II*"). In *Williams I,* we examined statements which were the subject of a Jencks Act request and found that it could not be determined from the statements themselves whether they were substantially verbatim recitals of what the witnesses said. Thus, we remanded to the district court with instructions to hold a hearing to determine whether any of the statements were producible under the Jencks Act. After the required hearing was held, the district court ruled that the statements were not substantially verbatim. On a second appeal, in *Williams II,* this court reversed, holding that the statements were substantially verbatim and hence producible under the Jencks Act.

■ Appellants' reliance on this court's reversal in *Williams II* is misplaced. We reversed in *Williams II* because the district court applied an erroneously stringent standard of "substantially verbatim," construing it to require a "precisely verbatim" account. *Williams II,* 338 F.2d at 288. The statements at issue in *Williams II* contained strong indicia of verbatim transcription, including idiomatic language and quotation marks. *Id.* The statements ap-

While prior to trial the prosecutor maintained her "very, very firm position that [the notes] ... have not been adopted by the witnesses," Tr. 24, the *Jencks* determination is to be made by the court, not the prosecutor.

740 F.2d at 56; Brief for Appellants at 10. In *North American I,* we held that the district court must conduct an adequate inquiry and make an independent determination as to whether the notes qualify as producible statements under the Jencks Act. The district court may not rely on the unilateral determination and statement of the prosecutor that the notes are not Jencks Act material. On remand, the district court made such an independent determination following a reasonable inquiry which included an *in camera* inspection and consideration of the prosecutors' affidavits. The district court's inquiry, including the consideration of the prosecutors' affidavits, was entirely adequate and consistent with our directions in *North American I.*

peared complete on their face, setting forth a running account of what the witnesses said. *Id.* Testimony indicated that the clerk typed the witnesses' statements as they were talking. The trial court found that the clerk would not change a witnesses' words where to do so would alter the meaning of the witnesses' statement. Moreover, the ungrammatical construction of the sentences, in contrast with the clerk's educational qualifications, indicated substantially verbatim transcription. *Id.* at 289. Finally, we gave weight to the purpose for which the statements were obtained. The statements were recorded by a clerk of the grand jury to provide the United States Attorney with accurate information on which to rely when presenting the case to the grand jury, drafting the indictment, and examining witnesses at trial. In contrast, the prosecutors' notes, at issue in this case, contain incomplete, episodic statements as to what information the witnesses possessed and what questions the witnesses ought to be asked. *Cf. United States v. Fowler,* 608 F.2d at 6 ("The [prosecutor's] notes, are short, very cryptic, and only set forth a few references to scattered facts; they are incomplete and could do nothing more than jog the prosecutor's memory as to a few items. Accordingly, they fall far short of being 'statements'."); *United States v. Consolidated Packaging Corp.,* 575 F.2d 117, 129 (7th Cir.1978) ("mere long hand words and phrases" fall short of the substantially verbatim recordations of the clerk in *Williams II* ).

■ Finally, appellants contend that they should have been permitted to review and use the prosecutors' notes for the limited purpose of arguing that the notes constitute Jencks Act material. Brief for Appellants at 11. This argument lacks merit. The Supreme Court has expressly rejected such an assertion:

> The Act's major concern is with limiting and regulating defense access to government papers, and it is designed to deny such access to those statements which do not satisfy the requirements of [§ 3500](e), or do not relate to the subject matter of the witness' testimony. It would indeed defeat this design to hold

that the defense may see statements in order to argue whether it should be allowed to see them.

*Palermo,* 360 U.S. at 354, 79 S.Ct. at 1226. Appellants, nonetheless, argue that, since the trial was complete, there was no potential risk of harm to the government in allowing access to the notes. Appellants reason that they could make no tactical use of the notes during trial unless a new trial was granted, and a new trial would be granted only if the notes were found producible. Appellants overlook the fact that the district court could have granted a new trial on the basis of finding only portions of the notes producible, in which case appellants would have had the unwarranted advantage of seeing the remaining portions of the notes found not producible. Appellants were not entitled to access to the prosecutors' notes to assist them in preparing their argument for the district court or for this court.

### III. CONCLUSION

We have considered all of appellants' arguments and found them unpersuasive. Accordingly, the decision of the district court is

*Affirmed.*